18098.　SANDERSVILLE RAILROAD CO. *v.* McDANIEL.

1. The court did not err in overruling the demurrers to the petition as amended.
2. A new trial is not required because the court allowed the plaintiff to testify that "the actual damage done to my car at the time it was struck by that train was $1079."
3. The errors complained of in grounds 2, 4, and 8 to 13 inclusive, of the motion for a new trial, when considered in the light of the entire charge of the court and the facts of the case, show no cause for a new trial.
4. There is nothing in grounds 3, 5, 6, and 7 of the motion, which complain of the refusal by the court of certain requests to charge, that requires a new trial.
5. There is ample evidence to support the verdict.

DECIDED JUNE 14, 1927.

Damages; from city court of Sandersville—Judge Goodwin. March 16, 1927.

*J. J. Harris,* for plaintiff in error.　*Evans & Evans,* contra.

BLOODWORTH, J.　W. T. McDaniel sued the Sandersville Railroad Company for damages, alleging that without fault on his part, but because of the carelessness and negligence of the engineer of the defendant company, an automobile truck belonging to him was struck by one of the trains of the railroad company and injured and damaged in the sum of $1000. To the petition the defendant filed both general and special demurrers. After the petition was amended the demurrers were overruled, and the defendant filed exceptions pendente lite. The case proceeded to trial and resulted in a verdict for the plaintiff for $500. · The defendant made a motion for a new trial; and upon this being overruled, the case was brought here for review.

1. Headnotes 1 and 5 need no elaboration.

2. The court did not err in allowing the plaintiff to testify that "the actual damage done to my car at the time it was struck by that train was $1079." This evidence was not based exclusively upon information "from some unknown party in Atlanta," but plaintiff told in detail of the damages to the truck, and in addi-

Appeal and Error, 3 C. J. p. 981, n. 74; 4 C. J. p. 982, n. 44; p. 987, n. 3; p. 988, n. 5.

Evidence, 22 C. J. p. 507, n. 33; p. 509, n. 61; p. 581, n. 98.

New Trial, 29 Cyc. p. 782, n. 52, 54.

Railroads, 33 Cyc. p. 1053, n. 84.

Trial, 38 Cyc. p. 1598, n. 18; p. 1711, n. 19; p. 1778, n. 73; p. 1779, n. 75.

tion swore: "I saw my truck about an hour before it was struck by the train, and I saw it just after it was struck. From having seen it before and having seen it afterwards, in my opinion the damage done to my truck by that collision with the locomotive and cars was $1079." Besides, there was evidence from another witness, to which no objection was offered, that "the train did the truck at least $1000 damage." The verdict was for $500 only. *Bryant* v. *Sovereign Camp,* 29 *Ga. App.* 360 (2-c) (115 S. E. 285), and cit.; *Bullard* v. *Metropolitan Life Insurance Co.,* 31 *Ga. App.* 643 (6) (122 S. E. 75).

3. Grounds of the motion 2, 4, and 8 to 13 inclusive complain of alleged errors in the charge of the court. We have carefully examined all of these grounds, and fail to find in any of them anything that requires the grant of a new trial. Indeed we are impressed with the idea that the charge as a whole fully, fairly, and accurately covered all the issues made in the case.

4. "Refusal to give requests in charge is not error when, so far as legal, they are fully covered by the general charge." *Atlanta Consolidated St. Ry. Co.* v. *Bagwell,* 107 *Ga.* 157 (3) (33 S. E. 191). "The requests to charge, so far as legal and pertinent, were sufficiently covered by the general charge, which, as a whole, fully and fairly presented to the jury the law of the case." *Atlanta Ry. & Power Co.* v. *Walker,* 112 *Ga.* 725 (2) (38 S. E. 107). "A correct statement of the law applicable to the case is not erroneous because the court failed in the same connection to give to the jury other and further instructions." *Killian* v. *State,* 19 *Ga. App.* 750 (2) (92 S. E. 227). "Where a ground of a motion for a new trial complains of the failure of the judge to charge certain principles of law (which the ground alleges should have been charged under the evidence adduced upon the trial), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of evidence to discover whether there was any evidence requiring such instructions." *Beavers* v. *State,* 33 *Ga. App.* 370 (2) (126 S. E. 305). Under the principles announced in the foregoing rulings, the court did not err in refusing to give in charge the instructions requested in grounds 3, 5, 6, and 7.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*