## 18738. FARMERS & TRADERS BANK v. DAVIS.

BELL, J. 1. On a former hearing of this case this court reversed a judgment of nonsuit, holding that under the pleadings and the evidence the plaintiff was entitled to recover as a matter of law, unless he had been paid the amount of his deposit, and that whether he had been so paid was a jury question, under the evidence. The evidence of the plaintiff on the question of payment was substantially the same on the second trial, and was not conclusively rebutted by the evidence of the defendant. Hence it can not be held as a matter of law that the verdict in favor of the plaintiff as returned upon that trial was unsupported by or contrary to the evidence. *Davis* v. *Farmers & Traders Bank*, 36 *Ga. App.* 415 (5) (136 S. E. 816).

2. The court's charge was not fairly susceptible to the criticism that it permitted the jury to consider the evidence touching conspiracy for another purpose than that for which the fact of conspiracy was pleaded by the plaintiff, nor was the charge upon that subject otherwise erroneous upon any ground assigned.

3. The requested instructions on burden of proof, circumstantial evidence, and preponderance of evidence were fully covered by the charge given, and thus there was no error in the refusal of any of such requests. *Sandersville R. Co.* v. *McDaniel*, 37 *Ga. App.* 34 (4) (138 S. E. 584).

4. In view of the rulings made by this court on the former hearing, which now are binding as the law of the case, the request to charge set forth in ground 7 of the motion for a new trial contained an incorrect statement as to the law, and for that reason the court was right in refusing the request.

5. Assuming that the request to charge set out in ground 8 of the motion embodied an abstractly correct statement of the law, yet, in view of the issues developed by the pleadings and the evidence, the language of the instruction so requested was such that it would have tended to confuse the jury and to deprive the plaintiff of the benefit of his contention as to the existence and purpose of the conspiracy, which contention was not entirely without evidence to support it. It was therefore proper to refuse this request.

6. After the fact of conspiracy is proved, the declarations of any one of the conspirators during the pendency of the criminal project and connected therewith are admissible against all. *Coleman* v. *State*, 141 *Ga.* 731 (2), 733 (82 S. E. 228); Penal Code (1910), § 1025. The same rule as to the admission of acts or declarations of conspirators applies in civil as in criminal cases. *Almand* v. *Thomas*, 148 *Ga.* 369 (7), 375 (96 S. E. 962). Under these principles and in view of the entire evidence on the question of conspiracy, the court did not err in admitting the evidence set out in grounds 10, 11, and 14 of the motion for a new trial.

7. Assuming that the court erred in not sustaining the defendant's objection to the evidence set forth in grounds 12, 13, and 15 of the motion for a new trial, the error was not such as to vitiate the verdict. "Ordinarily a new trial will not be granted merely because irrelevant testimony has been admitted." *Marshall* v. *Morris*, 16 *Ga.* 368 (4);

*Davis* v. *State*, 153 *Ga.* 669 (3), 677 (113 S. E. 11); *Southern Railway Co.* v. *Harper*, 32 *Ga. App.* 267 (2) (123 S. E. 154); *Bank of Emanuel* v. *Smith*, 32 *Ga. App.* 606 (6) (124 S. E. 114).

8. There was no error in refusing a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 14, 1928. REHEARING DENIED FEBRUARY 20, 1929.

*Smith, Hammond & Smith,* for plaintiff in error.
*J. W. Austin, W. C. Henson, W. Paul Carpenter,* contra.