19808. DAVIS v. THE STATE.

DECIDED JULY 9, 1929.

*D. E. Griffin,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

Luke, J. The defendant was convicted of possessing and selling intoxicating liquors, and excepts to the overruling of his motion for a new trial. Of the thirty-five grounds of the motion, fifteen are not approved by the trial judge; and it suffices to say that the remaining grounds, in the light of the record before us, show no reversible error.

We have carefully considered the brief of counsel for the plaintiff in error and their contention that the principal witness for the State procured the defendant to sell her the whisky by arousing his sympathy, that she did it for the purpose of securing from the defendant $500 to replenish finances, and that she waited more than two months, and then, when the defendant failed to pay her the $500, went before the grand jury. Even should we assume that this contention is correct it was the jury's right to pass upon the credibility of the witnesses; and the evidence practically demanded the verdict of guilty.

Mrs. Bowles swore unqualifiedly that she bought the whisky from the defendant, that he delivered it to her, and that she paid him for it. She said she wanted it as evidence because the defendant had been selling whisky to her husband. One E. H. Roush testified that the defendant "asked me to go to Mrs. Bowles and see if she would get out of town when the grand jury was in session, and asked me to offer her a consideration to go out of town." The defendant in his statement claimed that he was acting as agent, and that he got the whisky for Mrs. Bowles because she told him that her husband "was home very sick, in bad shape, nervous, and all shot to pieces;" yet the defendant admitted that he in person did deliver the whisky to Mrs. Bowles, and did take from her the money therefor. There are no accessories in misdemeanors. All who aid in the commission of misdemeanors are regarded in law as principal offenders, and may be indicted jointly and severally. *Loeb* v. *State, 6 Ga. App.* 23 (64 S. E. 338). The defendant admits that he aided in the commission of the offense.

For no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*