19788. BLALOCK *et al. v.* THE STATE.

DECIDED AUGUST 23, 1929.

*Thomas W. Hardwick, Marion Smith, W. B. Hollingsworth, F. A. Sams,* for plaintiff in error.

*E. M. Owen, solicitor-general, J. W. Culpepper,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) We will discuss only the ruling stated in the first headnote. Section 280 of the Penal Code of 1910 provides that if any county treasurer shall refuse to pay a county order when he has funds in his hands to pay the same he is guilty of a misdemeanor. To authorize a conviction under this section it is necessary for the indictment to allege that the accused is a county treasurer. Under this section no other person than the treasurer can be convicted as the real perpetrator of the crime. However, as this is a misdemeanor and there are no accessories in misdemeanors, all who knowingly participate in the criminal act, "all who procure, counsel, command, aid or abet the commission of a misdemeanor, are regarded by law as the principal offenders and may be indicted as such." *Loeb* v. *State,* 6 *Ga. App.* 23 (64 S. E. 338). By an act of the legislature approved August 16, 1915 (Ga. L. 1915, p. 233), the office of county treasurer of Fayette county was abolished, and it was provided by that act that the commissioners of roads and revenues shall select some bank, banks or bankers in said county to act as depository or depositories or disbursing agent or agents of and for the public funds of said county. Under the provisions of this act the county commissioners of Fayette county selected the Bank of Fayetteville "as acting depository and disbursing agent of and for the public funds of said county." The Bank of Fayetteville was acting as such depository and disbursing agent at the time of the crime alleged in this indictment. Section 5 (1) of said act provides that it shall be the duty of each such bank or bankers so acting "to pay without delay, when in funds, all orders issued by said commissioners or by their authority, according to the dates of such orders," and section 10 provides that "said depositories and disbursing agents shall be liable both civilly and criminally just as county treasurers are liable for any nonfeasance or malfeasance of duty." Under this law no one, save the official who succeeded to the office of county treasurer, could be convicted as the real principal for failure to pay the county warrants. This would be the bank elected to the office of county depository or the disbursing agent. As the bank elected to fill this position was not incorporated, but was a

partnership originally owned by two persons, A. O. & S. T. Blalock, the name Bank of Fayetteville being but a trade name, either or both of said parties, if in life, under proper allegations could be indicted for failure to pay county warrants, but as S. T. Blalock is dead, only A. O. Blalock could be subject to indictment as the one primarily responsible for such failure to pay the warrants. However, the indictment does not charge that A. O. Blalock failed to pay the county warrants. As in the case of a county treasurer, "all who procure, counsel, command, aid, or abet" in the commission of the crime could be indicted as principal, this being a misdemeanor. But until some one is shown to be the real principal there could be no principal in the second degree, no one liable to be indicted as "accessory" or as coprincipal. In this case there is no attempt to indict the bank elected as the depository for the county funds, no attempt to indict the owners of said bank, and there must be some such principal before the "accessories" can be charged with the crime. The judge should have sustained the first and fourth grounds of the demurrer.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*