DECIDED JANUARY 15, 1931.

*Orville D. Rogers, L. S. & C. M. James,* for plaintiff in error. *Clarke & Clarke,* contra.

## 20496.  LANGSTON v. CRADDOCK.

BELL, J.  1.  "Where a conspiracy is shown, the act of one becomes the act of all, in so far as the furtherance of the conspiracy is concerned; and each is as fully responsible for the acts of the others in carrying out the common purpose as if he himself had committed the acts. . . This rule of law applies with no less force to an action for the resulting tort than to a prosecution for the resulting crime, and applies alike in all cases, whether the alleged tort amounts to a crime or not." *Hill* v. *Reynolds*, 19 *Ga. App.* 334 (91 S. E. 434), and cit.

2. The fact that the defendant was not present at the completion of the wrong did not necessarily relieve him, the evidence authorizing the inference that he was a party to the scheme whereby other parties would defraud the plaintiff out of her money. It was not necessary for the plaintiff to show that the defendant obtained any share of the spoils.

3. The evidence authorized the verdict for the plaintiff, and the superior court did not err in overruling the certiorari. *Davis* v. *Farmers & Traders Bank*, 36 *Ga. App.* 415 (136 S. E. 816); s. c. 39 *Ga. App.* 74 (146 S. E. 793).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931.

*A. T. Walden*, for plaintiff in error.   *G. N. Bynum*, contra.

