23624. LaFRAY *v.* THE STATE.

DECIDED DECEMBER 18, 1933.

*Ulmer & Dowell,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

GUERRY, J. George LaFray was convicted of the offense of sodomy and given a life sentence. The testimony relied on by the State was that of a seven-year-old boy, with whom the crime was alleged to have been committed, and two other young boys who testified as to other circumstances tending to show a general course of conduct. There was other testimony, which if it had been accepted by the jury would have required an acquittal, but the jury did not see fit to accept the same.

It was insisted that the witness Dikes, a seven-year-old boy, was an accomplice, and for that reason his testimony was insufficient, without corroboration, to support a conviction. The Penal Code, § 1017 provides that where the only witness in a felony case is an accomplice, his testimony must be corroborated, to sustain a conviction. "The test for determining whether a witness is an accomplice is, 'could the witness himself have been indicted for

the offense, either as principal or as accessory?'" *Stone* v. *State,* 118 *Ga.* 705. At common law one could be convicted on the uncorroborated testimony of an accomplice. In Georgia, in felony cases, where the only witness is an accomplice, his testimony must be corroborated. Penal Code, § 1017. At common law the doctrine did not amount to a rule of evidence, but merely to a "counsel of caution" given by the judge to a jury. In Wigmore on Evidence (2d ed.), § 2057, it is said: "The reasons which have led to this distrust of an accomplice's testimony are not far to seek. He may expect to save himself from punishment by procuring the conviction of others. It is true that he is also charging himself, and in that respect he has burned his ships. But he can escape the consequences of this acknowledgment, if the prosecuting authorities choose to release him provided he secures the conviction of his partner in crime. It is true that this promise of immunity is usually denied, and may not exist; but its existence is always suspected. The essential element, however, it must be remembered, is this supposed promise or expectation of conditional immunity. If that is lacking, the whole basis of distrust fails." The reason for the rule is, after all, one affecting the credibility of a witness or his actual impeachment. The rule quoted above, taken from Wigmore on Evidence, affects the credibility, by showing interest or want of interest in the result of the case. One of the means of impeachment in Georgia is the proof of the conviction of a crime involving moral turpitude, and therefore the testimony of an accomplice in felony cases must be corroborated. The alleged accomplice to the act of sodomy in the present case was a boy seven years old. Under section 34 of the Penal Code he may not be found guilty of a crime. Hence the reasons for discrediting his testimony fail. He can not be an accomplice. Therefore it was not error to refuse to charge the jury with reference to corroboration of an accomplice's testimony.

■ If the objections to evidence, set out in the motion for a new trial, had any merit at all we would willingly grant a reversal. The testimony complained of was sufficiently definite to be admissible for the purpose for which it was intended, and the court did not err in admitting the same. Neither this court nor the jury is concerned, as a matter of law, with the penalty fixed by law for cases of this character. It is possible that society may in time to come regard this class of offenses as being more nearly ones for medical

attention and physical segregation, but until such a change in the social legislature shall in turn bring its influence to bear upon the General Assembly it becomes the duty of all courts to enforce the law as they find it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*