31297. WILSON *v.* THE STATE.

DECIDED JUNE 27, 1946.

*Hugh R. Kimbrough,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

GARDNER, J. ■ So far as the general grounds are concerned, the evidence is sufficient to show that the defendant conspired with the other three to commit the robbery, and that he was constructively present, aiding and abetting in the crime.

■ As to the first special ground, the evidence, from no view of the case, is wholly dependent upon circumstantial evidence. It is never error to fail to charge the law of circumstantial evidence, unless the question at issue depends wholly upon such evidence. We lay down this general principle of law without any discussion and without any citation of authority other than *Adsmond* v. *State,* 47 *Ga. App.* 444 (4) (170 S. E. 525), in which this court held that, where a confession directly admits commission of a crime, such

confession is direct evidence. We do this because we have somewhat at length set out the evidence, and from our view it needs no analysis to convince any one that our general statement is correct.

■ In special ground 2, able counsel for the defendant earnestly argues that the verdict should be reversed, because the court failed to charge the law relating to confessions, and the weight which the jury should give to a confession in considering the case. This argument is based largely on the last· sentence of the Code, § 38-420: "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." The appellate courts have many times held that proof of the corpus delicti by aliunde evidence is sufficient corroboration of a confession. Without here again calling attention to the many decisions in support of this statement, we deem it sufficient for those who are interested in any further pursuit of the question, to refer to the annotations of the Code, § 38-420, under the catchwords "Corpus delicti," p. 412, and "Corroboration," pp. 413-415. We further find on this question, in the annotations of the Code, § 38-401, under the catchword "Charge," that it is the general law that a failure to charge on a confession, in the absence of a request, is no cause for a new trial. The defendant invokes in support of his contention and as an exception to the general rule the decision in *Lucas* v. *State,* 110 *Ga.* 756 (4) (36 S. E. 87). The facts and the opinion there differentiate that case from the one at bar; one outstanding distinction being that the court undertook voluntarily to charge on the law of confessions, and failed to include in such charge an essential portion, that such confession must be corroborated. The court went further to state that, in view of this omission, since the corroborating testimony was interspersed with doubt, the court should have given fully the law as to confessions. Such is not the situation here. When we analyze the record in this case we find: (a) that the corpus delicti was proved without contradiction by evidence aliunde the confession; (b) there was a plenary confession on the part of the defendant; and (c) there was evidence largely direct, and not wholly dependent upon circumstantial evidence, sufficient to sustain the conviction·of the defendant, outside of the confession. Each of these views·is supported by the evidence, which we have set forth. It follows that, from any point of view, no reversible error is assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*