### 34818. PRUITT v. THE STATE.

CARLISLE, J. The defendant was convicted under an indictment charging that he did unlawfully "receive, have, possess, transfer, and control alcoholic, spirituous, vinous, and mixed liquors and beverages, some part of which was alcoholic, contrary to the laws of said State." His motion for new trial, based upon the usual general grounds and four special grounds, was overruled and he has appealed to this court for a review.

1. A conspiracy may be defined as a combination or agreement between two or more persons to do something that is unlawful. The existence of the conspiracy may be established by proof of the express agreement. *West* v. *State,* 155 *Ga.* 482, 485 (117 S. E. 380).

2. Where a conspiracy is shown, the act of one becomes the act of all,

insofar as the furtherance of the conspiracy is concerned; and each is as fully responsible for the acts of the others in carrying out the common purpose as if he himself had committed the act. *Langston* v. *Craddock,* 42 *Ga. App.* 484 (1) (156 S. E. 632).

3. There are no accessories in misdemeanors. All who procure, counsel, command, aid, or abet the commission of a misdemeanor are regarded by the law as principal offenders, and may be indicted as such. *Loeb* v. *State,* 6 *Ga. App.* 23 (1) (64 S. E. 338); *Blalock* v. *State,* 40 *Ga. App.* 242, 245 (149 S. E. 297); *Davis* v. *State,* 40 *Ga. App.* 164, 165 (148 S. E. 918).

4. In misdemeanors testimony of an accomplice need not be corroborated. *Davis* v. *State,* 23 *Ga. App.* 5 (1) (97 S. E. 263).

5. Under an application of the foregoing principles of law to the facts of the instant case, the evidence authorized the verdict finding the defendant guilty of possessing whisky in a dry county, as the jury was authorized to find that the defendant entered into an agreement with Mr. and Mrs. Barfield that they should occupy a house owned by the defendant, without payment of rent, that the defendant was to furnish the whisky through an intermediary, that they were to sell the whisky, and, if caught by the law-enforcement officer, were to claim the whisky, that the Barfields and the defendant were to divide the profits equally, and that over a period of some thirteen months the defendant did furnish and the Barfields did sell hundreds of gallons of whisky and they and the defendant divided the profits.

6. In special grounds 1 and 2 error is assigned upon the following excerpt from the charge to the jury: "It is the contention of the State that even though the defendant was not out there at all times, they contend he was aiding and abetting the other two, Mr. and Mrs. Barfield, here, in the sale of it out there." Error is assigned on this excerpt on the grounds that it confused and misled the jury to believe that it was authorized to convict the defendant for aiding and abetting the Barfields in *selling* the whisky, whereas the defendant was indicted for the *possession* of whisky, and that the charge is erroneous as an abstract principle of law. The charge is abstractly correct. See division 3 above. While it would have been better had the court used the language, "aiding and abetting the other two, Mr. and Mrs. Barfield, here, in the possession of it out there," we cannot believe that the jury was misled by the charge or the defendant harmed thereby. Just prior to the excerpt complained of, the court had read the indictment to the jury, and quite obviously they could not be selling the liquor without possessing it. *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622).

7. In special ground 3 error is assigned upon the following excerpt from the charge: "The defendant has made a statement in his own behalf, which he had a right to do. You may give that statement just such weight and credit as you think it is entitled to believe. You may believe all of it, half of it, or none of it, and if you think it entitled to that weight and credit, you may believe it in preference to the sworn testimony." The error alleged is that this charge confined the jury to believe all of the defendant's statement, half of it, or none of it, whereas they are, under the law, authorized to believe any portion or part of it.

We think that the excerpt complained of did not have the alleged effect of confining the jury, as the court charged as a part of the last sentence in the excerpt the following clause which was omitted by the defendant in his quotation of the charge in the special ground, "and you are the sole and exclusive judges of what you will believe in this case." The charge was full and fair and was not calculated to mislead the jury.

8. There was direct evidence of the defendant's guilt from Mrs. Barfield, who testified as to the agreement between the defendant and the Barfields and the performance of that agreement. Under these circumstances it has been repeatedly held not to be error to fail to charge the law of circumstantial evidence in the absence of a timely request so to do. *Wilson* v. *State,* 74 *Ga. App.* 42 (2) (38 S. E. 2d 750); *Acker* v. *State,* 78 *Ga. App.* 819 (e) (52 S. E. 2d 559). Special ground 4 is without merit.

The trial court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1953.

*Brannon & Brannon,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, S. O. Smith, Jr.,* contra.