26539.   COLEMAN v. THE STATE.

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971.

*Joseph B. Haynes. Louise T. Hornsby,* for appellant.

*Lewis R. Slaton,* District Attorney, *Carter Goode, Joel M. Feldman, Creighton W. Sossomon, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, Mathew Robins,* Assistant Attorneys General, for appellee.

GRICE, Justice. This appeal is from the conviction and sentence of Henry Coleman for armed robbery. The grand jury of Fulton County indicted him and Ralph Roseberry jointly for robbing Harold Bailey by use of a pistol. The appellant was tried separately and upon conviction was sentenced to nine years' imprisonment. His amended motion for new trial upon the general grounds and one special ground asserting newly discovered evidence was denied.

■ The evidence was sufficient to support the verdict.

The State's case was based upon the testimony of the victim Bailey who made collections daily from a chain of automotive service stations, and also that of Sylvester Roberts who managed the particular station involved. Bailey's testimony was that the crime was committed but that he could not identify the perpetrators; and that Roberts was present but did not participate in the robbery. Roberts swore that it was committed by Roseberry and the appellant, both of whom he positively identified, although he had sworn at the preliminary hearing that he could not identify the appellant. He denied any participation in the crime.

The appellant interposed the defense of alibi, denying any participation in the crime, and offered testimony that he was elsewhere when it was committed.

The appellant also presented the testimony of Roseberry, which in essence was that he had pleaded guilty to the crime in question; that Roberts had planned the robbery; that it was actually done by him (Roseberry) and one Solomon; that the appellant did not participate in it; and that the appellant was not present when it was committed.

From the testimony of Roseberry the appellant seeks to invoke a principle from *Code* § 38-121, to wit, that the testimony of an accomplice in a felony case must be corroborated in order to sustain a conviction of another for the crime. He contends in essence that here there was a conspiracy, and that since the testimony of the accomplice Roberts was not corroborated as to identification of the appellant, a verdict finding the appellant guilty cannot stand.

This contention cannot be sustained. As pointed out by the trial judge in denying the motion for new trial, it is significant that

although Roseberry testified that Roberts was an accomplice of Roseberry himself and Solomon, there was no evidence from any source that Roberts was an accomplice of the *appellant.* Under these circumstances, the principle of *Code* § 38-121, as to necessary corroboration, is not applicable. The basis for this principle is to safeguard against one person falsely maintaining that he and the *defendant* were accomplices to commit the crime. Such was not the case here. Instead, the claim was that Roberts, Roseberry and Solomon constituted the accomplices to the crime.

For the foregoing reasons the general grounds of the motion were not meritorious.

■ The special ground of the motion for new trial, as to newly discovered evidence, was likewise not valid. It related to showing the identity of the person who operated the automotive service station where the appellant claimed he was working at the time the robbery occurred.

This ground shows lack of ordinary diligence. From what there appears the evidence sought to be introduced was available and could have been presented since the witness was "ready and willing to testify."

Furthermore, the evidence relied upon was merely cumulative on the issue as to alibi. The appellant and his brother had already testified that he was elsewhere at a specified place when the crime took place. The evidence sought to be offered went only to the same issue.

*Judgment affirmed. All the Justices concur.*