Craig Allen SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-73-351.

Court of Criminal Appeals of Oklahoma.

July 23, 1974.

As Corrected July 25, 1974.

**1252**

Jack Winn, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Tulsa County, Case No. JFJ–71–498, appellant, Craig Allen Smith, a juvenile 14 years of age, hereinafter referred to as defendant, was charged by petition in the Juvenile Division of the District Court, Tulsa County, alleging defendant to be a delinquent for the reason defendant had committed the crime of Burglary on October 23, 1972. At the conclusion of the adjudicatory hearing, the court found defendant to be a delinquent and ordered him a ward of the court. From this order defendant has appealed to this Court.

The juvenile hearing conducted, in substance, constituted a combined motion to suppress and an adjudicatory hearing. The evidence adduced at that hearing revealed that on October 23, 1972, the residence of a Mr. Joe Houston was burglarized with credit cards and a television set removed from the premises. At the time of the burglary witnesses at the scene observed two individuals in a vehicle which they identified by make, model and license number. On October 24, at approximately 9:00 p.m., defendant was riding with a companion in a vehicle driven by a co-defendant Steven Davee. Davee stopped in a shopping center parking lot to add transmission fluid to his car. Police Officers Mickey Holloway and Lee Sumners, of the Tulsa Police Department, were cruising in the area. Having previously received information concerning the model, make and license number of an automobile which had been seen at a burglary·the day before, they recognized the vehicle the defendant was sitting in as the one described to them. Based upon this information, the officers approached the car, arrested the three occupants, including the defendant, and searched them for weapons. The trio was taken to the police station and during a second search of defendant a torn credit card, identified as one belonging to a Miss Houston, was found on defendant's person in a coat pocket.

At the hearing Steven Davee testified he entered a plea of guilty for the instant offense and further inculpated defendant as an accomplice for this offense.

The defendant's argument under the first proposition is that the arresting officers did not have probable cause to arrest the defendant.

Title 22 O.S.1971, § 196, states in pertinent part:

"A peace officer may, without a warrant, arrest a person:

\*　　\*　　\*　　\*　　\*　　\*

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

In the instant case the police officers had information that a burglary had been committed the day prior to the arrest; that the automobile in which defendant was a passenger fit the description; and, the license plate of the automobile matched the one which had been seen at the burglary.

This Court in the case of Hill v. State, Okl.Cr., 500 P.2d 1080 (1972) held in Syllabus 3:

"An arrest based on information received from the police dispatcher that a burglary had been committed, *describing the burglars,* the automobile in which they left the scene, and the license number of said automobile was based on reasonable cause and was therefore a lawful arrest." (Emphasis ours)

 In the instant case the police officers were armed with the same information as the police officers in the *Hill* case, lacking a description of the burglars. It is our opinion, considering the fact that the burglary occurred the day prior to the arrest and the officers were not in hot pursuit, that a description of the burglars was a necessary element to constitute probable cause for the arrest of the defendant. The only connection the defendant had with the burglary at the time of arrest was the fact that he was a passenger a day later in the automobile which was involved in the burglary. Guilt by association has never been an acceptable rationale and it does not constitute probable cause to arrest. See United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1947), and People v. Feltch, 174 Colo. 383, 483 P.2d 1335 (1971) and cases cited therein.

It is therefore our opinion that the defendant's arrest was not based on probable cause and was therefore illegal and all evidence obtained as a result thereof is inadmissible. Consequently, the credit card should have been suppressed.

Since the credit card should have been suppressed, the question therefore becomes whether a juvenile may be adjudicated a delinquent child upon the uncorroborated testimony of an accomplice. In Kern v. State, Okl.Cr., 522 P.2d 644 (1974), this Court held corroboration unnecessary in a certification hearing. The rationale for that holding was that he would be afforded the protection of the requirement of corroboration of an accomplice's testimony at the preliminary hearing and trial stages of his prosecution. However, in the adjudication of a child as a delinquent we have a distinguishable situation from *Kern,* supra. The adjudicatory hearing results in a final determination of delinquency or innocence. To hold that corroboration is unnecessary during the adjudicatory stage of a juvenile proceeding would completely deprive the juvenile of the protection afforded by the rule requiring corroboration. It therefore becomes a question of whether we should propose the safeguard of a juvenile as one being charged with a criminal offense.

 It is our opinion that the traditional concept of requirement of corroboration of an accomplice's testimony afforded to a person being prosecuted for a criminal offense should also be afforded a juvenile at the adjudicatory stage of a juvenile proceeding. This Court recognizes no constitutional requirement for the same but finds as a matter of policy it is necessary in the preservation of the integrity of the evidence in such a proceeding to require an accomplice's testimony at the adjudicatory stage to be corroborated. We therefore

find that an accomplice's testimony must always be corroborated with legally sufficient evidence before a juvenile may be adjudicated a delinquent.

This case is therefore reversed and remanded with instructions to dismiss unless the State can produce independent evidence to connect the defendant with the crime and corroborate the co-defendant's confession.

BRETT and BUSSEY, JJ., concur.