In the Matter of B. J., a child under 18 years of age, and V. G., a child under 18 years of age.

Nos. J–75–747, J–75–748.

Court of Criminal Appeals of Oklahoma.

March 4, 1976.

R. C. Garland, Jr., Pauls Valley, for B. J.

John R. Sprowls, Pauls Valley, for V. G.

Max H. Scarce, Dist. Atty., Garvin County, for appellee.

## OPINION

BRETT, Presiding Judge.

B. J. and V. G., both juveniles, appeal from an order of the Juvenile Division of the District Court, Garvin County, Case Nos. JFJ–75–32 and JFJ–75–31, respectively, adjudicating them delinquent after a finding by a jury that they jointly committed acts which would constitute the crime of Burglary in the Second Degree were they adults, specifically that they broke and entered a school building with the intent to steal property therein.

We have consolidated these separate appeals for decision.

The statutory scheme of Oklahoma's Juvenile Code divides delinquency proceedings into an adjudicatory stage and a dispositional stage. After entering an order of adjudication, the court is required to hold a dispositional hearing to consider evidence helpful in determining that disposition of the case which would best serve the interests of the child and the public. 10 O.S.1971, § 1115. The court's discretion in determining the proper disposition is broad. In fact, the court is empowered by statute to dismiss the petition following adjudication or to otherwise terminate its jurisdiction for good cause shown. 10 O.S.1971, § 1116.

The Juvenile Code provides that the Juvenile Court's decision in a proceeding for an adjudication of juvenile delinquency or in a proceeding certifying a juvenile to stand trial as an adult may be appealed to this Court in the same manner as other cases are appealed to this Court. 10 O.S.Supp.1975, § 1123, *amending* 10 O.S. 1971, § 1123. We do not construe that statute to permit an appeal from an order adjudicating a juvenile to be delinquent when no disposition has been made of the case by the Juvenile Court. Such adjudicatory order, pending disposition of the case in accordance with the provisions of 10 O.S.1971, §§ 1115 and 1116, is not a final, appealable order. The time in which to perfect an appeal from the decision of the Juvenile Court in a delinquency proceeding is computed from the date of the dispositional order.

No order of disposition has been entered in the cases now before us. This appeal has, for that reason, been prematurely filed

**1356** 

and is hereby *DISMISSED*. This dismissal is without effect upon the right of the juvenile appellants to file an appeal in this Court following the final disposition of the case in the court below.

BUSSEY and BLISS, JJ., concur.