## 51848. R. T. M. v. STATE OF GEORGIA.

MARSHALL, Judge.

Appellant brings his appeal from his adjudication by a juvenile court as a delinquent child in need of correction, treatment, care and rehabilitation with court-ordered commitment to a Youth Development Center. He enumerates as error: (1) that the evidence fails to support the adjudication of delinquency; (2) that the uncorroborated testimony of the accomplice to the burglary involved is insufficient to connect appellant to that crime; and, (3) the refusal of the juvenile court to grant bail. *Held:*

1. The evidence of record discloses that appellant was seen by his mother in the company of three male companions in the front of appellant's home at about 11:00 p.m. She testified they were in a green van and that the boys were working on a tape player in the van. She also testified that one of these boys was a Neil Vaughn.

A police officer testified that at about 1:10 a.m. he observed one Jerry Reed standing alone at the curb in front of a Zippy Mart store. The officer and Reed were known to each other and exchanged hand waves. Nothing out of the ordinary was observed. At about 1:30 a.m. a report was transmitted over police radio channels that the Zippy Mart store had been burglarized. The police officer, knowing the probable location of Jerry Reed went to that location and ultimately found Jerry Reed, his brother Larry, Neil Vaughn, and appellant either in or standing next to a green van. There was evidence that when the green van arrived at the location, all four boys, including the appellant, were in it. The officers could see in plain view through the windshield on the panel above the car instruments, items that coincided with property taken from the Zippy Mart. Ultimately, a statement taken from Jerry Reed, as well as his testimony at the trial, indicated the four boys had been riding in the green van; that they had been to appellant's home earlier in the night to work on a tape player; and that the appellant had been a willing participant in the burglary from the beginning.

The appellant denied having been with the other three for any length of time. He contended he had been

hitchhiking and had been picked up just prior to his apprehension by the police. He denied being involved in a burglary, knowing of it, or seeing any of the stolen items in the truck.

Appellant correctly asserts as a general principle of law that the uncorroborated testimony of an accomplice is not sufficient to sustain a conviction of one not otherwise connected independently to the crime. *Famber v. State,* 134 Ga. App. 112 (213 SE2d 525). And this rule applies equally to juvenile proceedings. *D. W. D. v. State of Ga.,* 136 Ga. App. 304 (221 SE2d 72). Moreover, mere presence at the scene of a crime is insufficient to infer the guilt of an accused. *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654).

Disregarding the testimony of the accomplice, the juvenile court was warranted in concluding that a store had been burglarized and identifiable property stolen. The police had a known suspect. This suspect was placed as a passenger in a green van shortly after the burglary. The appellant was shown to have been working on the tape player in that same van prior to the burglary along with a person named Vaughn. When the police located the van shortly after the burglary, they determined that the known suspect, Vaughn, and the appellant were in or standing by the van. This van was found to have burgled items in plain view.

Under these facts, the trial court had sufficient evidence, independently of any evidence of the accomplice, to establish the crime of burglary and the probable connection of the appellant therewith. While a conviction based entirely upon the testimony of an alleged accomplice, otherwise uncorroborated, will not be allowed to stand, corroboration is peculiarly a matter for the jury (in this instance the juvenile court); and, sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice. *Self v. State,* 108 Ga. App. 201, 202 (4) (132 SE2d 548) and cits. Whether this defendant's explanation of his possession of stolen goods is consistent with his innocence and was a satisfactory explanation was a matter for the juvenile

court, as the trior of fact. *Bridges v. State,* 9 Ga. App. 235 (70 SE 968); *Jordan v. State,* 9 Ga. App. 578 (71 SE 875); *Stewart v. State,* 17 Ga. App. 827, 828 (88 SE 715); *Gilliard v. State,* 17 Ga. App. 364 (86 SE 939); *Kinard v. State,* 19 Ga. App. 624, 625 (2) (91 SE 941).

We conclude the testimony of the accomplice was adequately corroborated and was not inherently improbable or lacking in trustworthiness. That testimony positively portrayed the appellant as a willing participant in the burglary. The first two enumerations are without merit.

2. In his third enumeration of error, appellant alleges the denial of bail for a bailable offense at the probable cause hearing was an abuse of discretion. In support thereof he cites provisions of the Juvenile Code (Ga. L. 1971, pp. 709, 723; 1973, pp. 882, 885 (Code Ann. § 24A-1402 (c)) and provisions relating to adult offenders (Ga. L. 1878-9, p. 55; 1922, p. 51; 1973, p. 454) (Code Ann. § 27-901)).

Appellant had been tried and adjudicated a delinquent. His present commitment therefore is pursuant to a lawful judgment of a court. Assuming an irregularity in the prior imprisonment of appellant, this would in no wise affect the jurisdiction of the court trying him. The record disclosing that appellant has been tried, adjudicated a delinquent and sentenced for the crime of burglary and is not detained because of that conviction, removes any possible error in denial of bail as a ground for reversal. *Douglas v. State,* 132 Ga. App. 694 (209 SE2d 114).

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 11, 1976.

*A. Edwin Pooser, IV,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.