In *Jones v. State,* Okl.Cr., 523 P.2d 1126, this Court held that where circumstantial evidence is relied upon to prove a crime it is not required that the circumstances proven shall exclude all possibilities of innocence, but only that they shall be inconsistent with any reasonable hypothesis other than that of guilt.

**B. F., a juvenile, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–76–322.**

Court of Criminal Appeals of Oklahoma.

June 4, 1976.

Wesley B. Bennett, Sallisaw, for appellant.

John W. Russell Jr., Dist. Atty., for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

Appellant, B. F., was adjudicated a delinquent child and a ward of the court in the Sequoyah County District Court, Case No. JF–76–14, pursuant to 10 O.S.1971, § 1114. From this adjudication the Appellant has perfected an attempted appeal to this Court.

■ The Appellant predicates the appeal solely upon the contention that the Juvenile Court should have sustained his Demurrer to the Evidence presented at the adjudicatory hearing. The Appellant asserts the evidence was insufficient for the reason that the only evidence connecting the Appellant with the crime charged by the allegations of the Petition was the uncorroborated testimony of an accomplice.

We find the Appellant's position should be sustained by this Court's decision in *Smith v. State*, Okl.Cr., 525 P.2d 1251 (1974).

■ However, the record in the instant reflects that this appeal is taken from an adjudicatory order adjudging B. F. to be a juvenile and a ward of the court and not an appeal from a final dispositional order of the Juvenile Court. Thus, no final appealable order has been entered by the Juvenile Court. See *Matter of B. J.*, Okl. Cr., 546 P.2d 1354 (1976). For this reason, the instant appeal is *DISMISSED*. Before proceeding with the dispositional

hearing, the trial court's attention is directed to *Smith v. State*, supra.

The Clerk of this Court is directed to issue the Mandate *FORTHWITH*.

BRETT, P. J., and BUSSEY, J., concur.