## 54826. J. B. L. v. STATE OF GEORGIA.

BELL, Chief Judge.

A petition was filed alleging that defendant was in a state of delinquency by reason of the commission of two burglaries and one criminal trespass. At the hearing the corpus delicti of the offenses was established by three witnesses, but they did not connect the defendant in any manner with the two burglaries alleged or the single act of criminal trespass. An adult accomplice gave the only testimony which implicated the defendant in these crimes in any manner. The juvenile court adjudicated the defendant a delinquent based on findings of fact that he committed the crimes alleged and ordered him detained in the custody and control of the Department of Human Resources, Division of Youth Services. *Held:*

Complaint is made that the juvenile court erred in its adjudication as it was based on the uncorroborated testimony of an accomplice as to the burglaries. Conviction in a felony case predicated upon the testimony of an accomplice requires corroborating facts and circumstances which independently of the accomplice's testimony directly connects the defendant with the crime. Code § 38-121. As there is a complete absence of independent corroborative evidence to meet the test, the finding of fact as to the burglaries was not authorized. *D. W. D. v. State of Ga.,* 136 Ga. App. 304 (221 SE2d 72).

Nonetheless, the evidence is sufficient to authorize the findings as to criminal trespass, a misdemeanor, for the corroboration rule does not apply as to a misdemeanor. *Pruitt v. State,* 88 Ga. App. 711 (4) (77 SE2d 552); *Bell v. State,* 85 Ga. App. 242 (2b) (68 SE2d 925). Criminal trespass is also a delinquent act under the Juvenile Court Code § 24A-401 (e) (1). Therefore, the juvenile court's order adjudicating defendant delinquent can be affirmed. However, as the erroneous findings of fact as to the burglary may have affected the court's required finding under Code § 24A-2201(b) that defendant was in need of correction, treatment, care and rehabilitation and as to its disposition under Code § 24A-2302, we reverse those parts of the order and direct that the court consider the case anew as to the above phases of the juvenile court

proceeding.

*Judgment affirmed in part and reversed in part with direction. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED DECEMBER 1, 1977.

*Theron Finlayson,* for appellant.

*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.