## 58740. NEAL v. THE STATE.

McMURRAY, Presiding Judge.

The defendant was charged by two indictments, a total of four counts, with the offenses of criminal damage to property in the second degree, criminal trespass, terroristic threats and acts, and attempt to commit theft by extortion. The jury returned a verdict of guilty on each of the four counts. Defendant's motion for new trial was denied and defendant appeals. *Held:*

1. The state presented evidence that the person, family and business of one Robert J. Disharoon, President of "Tri-City Realty & Mortgage," were the subject of assorted threats, harassment and vandalism. A key witness of the state was Chester Lawson Jones, III, an

admitted accomplice and co-conspirator of defendant. Mr. Jones testified that the motive for defendant's and his activities against Mr. Disharoon was their resentment of the realtor's participation in the racial integration of their former neighborhood.

The count alleging criminal trespass was predicated upon an incident in which a dollar sign was painted on the front door of Mr. Disharoon's home with black spray paint. Mr. Jones testified in regard to this incident that defendant acted as a lookout while he (the accomplice) did the painting.

The count alleging criminal damages to property in the second degree was predicated upon the damage to an 8 foot by 12 foot Tri-City Realty sign located at Helmer Road and Highway 279 by putting paint thereon. Mr. Jones testified in regard to this incident that he was on lookout and stayed across Helmer Road from the sign while defendant did the painting.

Defendant contends that his accomplice's testimony as to these two incidents is not sufficiently corroborated to authorize his conviction on these counts. See in this regard Code § 38-121. No corroboration is necessary to support a misdemeanor conviction therefore this contention is without merit in regard to the offense of criminal trespass. *J. B. L. v. State of Ga.,* 144 Ga. App. 223 (241 SE2d 40) and *C. C. R. v. State of Ga.,* 145 Ga. App. 27 (243 SE2d 601).

Only slight corroboration is necessary to satisfy the requirements of Code § 38-121. *Quaid v. State,* 132 Ga. App. 478, 482 (1) (208 SE2d 336). Yet there was no evidence other than the testimony of defendant's accomplice which directly indicated or even inferred that defendant had taken part in the damage to the Tri-City Realty sign which is the foundation of the charge of criminal damage to property in the second degree. Although the evidence presented may have created a suspicion that defendant was guilty of this act this alone is not sufficient to support the conviction. Therefore, due to the absence of corroboration of the accomplice's testimony there was insufficient evidence to support defendant's conviction for criminal damage to property in the second degree (a felony). See *Vaughn v. State,* 139 Ga.

App. 565, 568-569 (228 SE2d 741); *Allen v. State,* 215 Ga. 455, 457 (2) (111 SE2d 70).

As to the counts involving the terroristic threats and attempted theft by extortion, there was ample evidence that Mr. Disharoon and his family had received threatening letters (including the attempt to extort money, a cash demand letter received by Disharoon). All of these items were received from someone who identified themselves as the "lust avengers." A notebook containing other threatening letters was found, which letters were proven to have been written by the defendant. The same was connected up to him inasmuch as he admitted that the notebook belonged to his sister, and the accomplice testified that the defendant had placed the notebook in the accomplice's vehicle. The handwriting expert testified that from her comparisons between known handwriting samples of the defendant and the state's exhibits (which included the evidence of the attempted extortion letter and the writings containing the terroristic threats received by Disharoon) all, in her expert opinion, were of the same origin. These exhibits also included letters not sent but which were offered as a part of a well planned and agreed upon scheme between the accomplice and the defendant.

The evidence was sufficient to support the verdict as to the criminal trespass (a misdemeanor), the terroristic threats and attempted theft by extortion inasmuch as the expert opinion as to the handwriting unequivocally connected him up to the crimes committed. See *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). However, as to the charge of criminal damages in the second degree, the conviction must be reversed.

After a careful review of the entire transcript and record, we are convinced, and so hold, that a rational trier of fact could, from the evidence adduced at trial, readily have found the defendant guilty beyond a reasonable doubt of the offenses of criminal trespass, terroristic threats and acts, and attempted theft by extortion by reason of the accomplice's testimony, direct evidence of the crimes committed, and the direct and circumstantial

evidence of corroboration of the accomplice's testimony.

2. Defendant's remaining enumerations of error complain of the admission of physical evidence or testimony showing the criminal activities of the defendant and his accomplice which were directed against Mr. Disharoon, his family, and business but were not the bases of the offenses charged against the defendant by these indictments. Defendant's objection was that this evidence was irrelevant and immaterial. This contention is without merit as such evidence aids in identification or shows defendant's scheme, motive, plan, and bent of mind. *Johnson v. State,* 242 Ga. 649, 653 (II (3)) (250 SE2d 394); *Blake v. State,* 239 Ga. 292, 295 (236 SE2d 637).

*Judgment reversed in part, affirmed in part. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 16, 1979 — DECIDED NOVEMBER 9, 1979.

*Howard Handley,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney,* for appellee.