A91A0917. IN THE INTEREST OF J. H. M., a child.
A91A0918. IN THE INTEREST OF J. L. P., a child.
(413 SE2d 515)

McMURRAY, Presiding Judge.

J. H. M. and J. L. P. were adjudicated delinquent in a joint adjudicatory hearing. The adjudication of delinquency of J. H. M. was predicated on a finding that this child had committed acts which, were he not a juvenile, would constitute three counts of the offense of burglary, two counts of the offense of entering an automobile, and five counts of criminal damage to property in the second degree. The adjudication of delinquency of J. L. P. was predicated on a finding that this child had committed acts which, were he not a juvenile, would constitute five counts of criminal damage to property in the second degree.

The only evidence that either juvenile had committed the acts

which, were they not juveniles, would constitute multiple counts of criminal damage to property in the second degree, involving over $11,000 damages to a vandalized cemetery, was the uncorroborated testimony of an alleged accomplice, R. P. The sole enumeration of error raised by both juveniles is the juvenile court's refusal to grant a directed verdict of acquittal, concerning their alleged acts constituting, were they not juveniles, participation in the commission of five counts of the offense of criminal damage to property in the second degree, based on the lack of corroboration of the accomplice's testimony. (A motion for dismissal under Uniform Juvenile Court Rule 11.4 is the appropriate procedure and the motion made is treated as such.) *Held*:

OCGA § 24-4-8 provides that "[t]he testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient." Under OCGA § 24-1-3, the rules of evidence apply in all courts and in all trials unless otherwise expressly provided by statute.

In *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897, 899 (2) (212 SE2d 650) (1975), this Court acknowledged the demise of the parens patriae philosophy in juvenile law and recognized that "the juvenile charged with 'delinquency' is entitled by right to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial. We must not only furnish the ritual of justice, but we must provide its substance." Id. at 899. To accomplish this, this Court held the requirement of independent corroboration of an accomplice's testimony now set forth in OCGA § 24-4-8 to be applicable to a juvenile proceeding. This has become the settled law of Georgia as this rule has been consistently applied. See *J. B. L. v. State of Ga.*, 144 Ga. App. 223 (241 SE2d 40); *R. T. M. v. State of Ga.*, 138 Ga. App. 92 (1) (225 SE2d 510); and *D. W. D. v. State of Ga.*, 136 Ga. App. 304 (221 SE2d 72).

Although not raised by either party, the dissent would overrule *T. L. T.*, supra, and its progeny. We find nothing present in the case sub judice which should compel this Court to alter the settled law of this State.

We find no merit in any reliance the dissent places upon the obfuscation contained in *LaFray v. State*, 48 Ga. App. 133, 134 (1) (172 SE 115). The rule that a conviction cannot be had upon the uncorroborated testimony of an accomplice is generally viewed as having arisen in English common law. While the federal courts, as well as the courts of many states, have abandoned this rule, a number of states including Georgia continue to apply it. The foundation for the rule is simply "to safeguard against one person falsely maintaining that he

and the *defendant* were accomplices to commit the crime." *Coleman v. State*, 227 Ga. 769, 771 (183 SE2d 379).

While neither constitutional principles nor the language of OCGA § 24-4-8 compel its application to juvenile cases, the public policy underlying the decision in *T. L. T.*, supra, remains firmly in place and has been recognized in other states. See *Smith v. State of Oklahoma*, 525 P2d 1251, 1253 (3). Some states apply other criminal case corroboration requirements to juvenile cases. See *In the Matter of L. A. G.*, 407 A2d 688, 692 (3, 4).

Due to the lack of corroboration of the testimony of the alleged accomplice, R. P., the juvenile court's finding that these juveniles had committed delinquent acts constituting, were they not juveniles, multiple counts of the offense of criminal damage to property in the second degree was not authorized by the evidence. The adjudications of delinquency being predicated at least in part on these unauthorized findings must be reversed. Our decision does not affect the finding that J. H. M. has committed delinquent acts constituting, were he not a juvenile, three counts of the offense of burglary and two counts of the offense of entering an automobile or preclude an adjudication of delinquency following remand to the juvenile court predicated on these findings.

*Judgments reversed. Sognier, C. J., Birdsong, P. J., Carley, P. J., and Judge Arnold Shulman concur. Beasley and Cooper, JJ., concur specially. Pope and Andrews, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I concur in the opinion except I do not conclude that there has been a "demise" of the parens patriae philosophy in juvenile law. Rather, there has been a shift in the process so as to embrace within that philosophy an adherence to procedural safeguards afforded in criminal cases.

I am authorized to state that Judge Cooper joins in this special concurrence.

ANDREWS, Judge, dissenting.

The sole enumeration of error in both appeals is that the court erred in not directing a verdict of acquittal[1] because the accomplice's testimony was uncorroborated. I respectfully dissent because I do not believe OCGA § 24-4-8 applies to juvenile cases.

OCGA § 24-4-8 provides that "[t]he testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . felony cases where the only witness is an accomplice,

---

[1] A motion for dismissal under Uniform Juvenile Court Rule 11.4 is the appropriate procedure and the motion made is treated as such.

the testimony of a single witness is not sufficient."

Under OCGA § 15-11-38, an adjudication of delinquency does not result in a conviction of a felony. *In the Interest of G. G.*, 177 Ga. App. 639, 640 (4) (341 SE2d 13) (1986). A felony is defined as "a crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months." OCGA § 16-1-3 (5).

In *T. L. T. v. State*, 133 Ga. App. 895, 898 (2) (212 SE2d 650) (1975), three judges of this court concluded that the principle stated in OCGA § 24-4-8 should apply to juvenile proceedings. The authority cited, however, dealt with adult felony cases. The extension to juvenile cases was made on the premise that a juvenile charged with delinquency "is entitled by right to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial." Id. at 899. At common law, however, one could be convicted on the uncorroborated testimony of an accomplice. *LaFray v. State*, 48 Ga. App. 133, 134 (1) (172 SE 115) (1933). Neither is the principle encompassed in § 24-4-8 of constitutional magnitude. *Gunter v. Hickman*, 256 Ga. 315, 317 (348 SE2d 644) (1986) (Gregory, J., concurring).

Section 24-4-8 is clear and straightforward, requiring no interpretation as the intent of the legislature is clear that it applies only to felony cases, which juvenile adjudications are not. Division 2 of *T. L. T.*, supra, and its progeny[2] should be overruled.

Considering the testimony of R. P., I would find the evidence legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

I am authorized to state that Judge Pope joins in this dissent.

DECIDED NOVEMBER 26, 1991.

*Jay W. Bouldin*, for appellants.
*Robert E. Keller, District Attorney, Gina C. Shuman, Assistant District Attorney*, for appellee.

---

[2] *D. W. D. v. State*, 136 Ga. App. 304 (221 SE2d 72) (1975); *R. T. M. v. State*, 138 Ga. App. 92 (1) (225 SE2d 510) (1976); *J. B. L. v. State*, 144 Ga. App. 223 (241 SE2d 40) (1977).