673 S.E.2d 291 (2009)
In the Interest of C.C., a child.
No. A09A0536.
Court of Appeals of Georgia.
January 29, 2009.
*292 Brittney Leigh Coons-Long, Tuscaloosa, for Appellant.
J. David Miller, Dist. Atty., Laura Elizabeth Wood, Asst. Dist. Atty., for Appellee.
ANDREWS, Presiding Judge.
On appeal from the juvenile court's adjudication of delinquency for her possession of drugs on school property, C.C. argues that the evidence was insufficient. We agree and reverse.
On appeal, we view the evidence from an adjudicatory hearing in the light most favorable to the prosecution to determine whether a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The evidence is examined under the standard of Jackson v. Virginia, ... with all reasonable inferences construed in favor of the juvenile court's findings.
(Citations omitted.) In the Interest of M.F., 276 Ga.App. 402, 402-403(1), 623 S.E.2d 234 (2005).
So viewed, the record shows that a school resource officer charged S.E. and three other juveniles with possessing controlled substances on school property after S.E. admitted to bringing medication from home and distributing it to other students. Although S.E. named C.C. as one of those to whom she had given pills, officials found no drugs on C.C., who denied that she had received them and who did not appear to either administrators or police to be under the influence of any drug. Based on the absence of evidence against her, officials decided not to charge C.C. On the apparent initiative of the juvenile court, however, C.C. was later arrested and charged with possession of a controlled substance within 1,000 feet of a school (OCGA § 16-13-32.4). Although C.C. again denied any involvement with S.E. and the only evidence against C.C. was S.E.'s statement, the juvenile court found C.C. delinquent by reason of possessing a controlled substance.
On appeal, the State adopts C.C.'s statement of facts and concedes that a person cannot be adjudicated delinquent based solely on the uncorroborated testimony of an accomplice. In the Interest of J.H.M., 202 Ga.App. 79, 80, 413 S.E.2d 515 (1991); T.L.T. v. State, 133 Ga.App. 895, 898-899(2), 212 S.E.2d 650 (1975). The State also avers that the assistant district attorney refused to sign the petition against C.C. because she felt that to do so would violate Rule 3.8 of the Rules of Professional Conduct barring the pursuit of a charge "that the prosecutor knows is not supported by probable cause."
Because, as both parties agree, the only evidence against C.C. here is S.E.'s testimony, which has not been corroborated, the juvenile court's adjudication of delinquency must be reversed. See In the Interest of J.H.M., 202 Ga.App. at 80, 413 S.E.2d 515 (reversing adjudication of delinquency in absence of corroboration of accomplice's testimony).
Judgment reversed.
MILLER, C.J., and BARNES, J., concur.