### A10A0007. TAYLOR v. THE STATE.
(690 SE2d 641)

JOHNSON, Presiding Judge.

A jury found Reonoppoliss Desdontate Taylor guilty of theft by extortion, theft by taking, and entering an automobile with the intent to commit a theft. The jury found Taylor not guilty of aggravated assault, armed robbery, false imprisonment, and kidnapping. For sentencing purposes, the trial court merged the convictions for theft by taking and entering an automobile into the conviction for theft by extortion. On appeal, Taylor claims that the evidence was insufficient to sustain his conviction for theft by extortion and that the trial court erred in denying his motion to suppress evidence of the victim's identification of him in a photographic lineup. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on May 8, 2007, the victim approached Taylor in the parking lot of an electronics store and asked him if he would like to buy some speakers. The victim accompanied Taylor while he attempted to secure funds to make a purchase, but Taylor's efforts were unsuccessful. The two men exchanged phone numbers and parted company.

Later that evening, Taylor called the victim and placed an order for ten sets of speakers. The next day, the victim and his friend David Perseo drove the victim's van, which contained the speakers, to a gas station where they met Taylor. Taylor told the victim he wanted to test the speakers at his house before making the purchase. The victim removed one of the sets of speakers from his van and, while Perseo waited in the van at the gas station, the victim rode with Taylor to a nearby house.

As the victim and Taylor entered the house, two men approached the victim from behind, and Taylor told him to drop the set of

---

[1] *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007).
[2] Id.

speakers he was carrying. The victim testified that Taylor and his accomplices then committed the acts that served as the basis of the aggravated assault, armed robbery, false imprisonment, and kidnapping charges for which Taylor was found not guilty. At some point thereafter, Taylor told the victim to call Perseo on his cell phone and tell him that he should abandon the van, including its keys, at the gas station and "get the hell out of there." Taylor also told the victim to let Perseo know that if he did not comply, he would never see the victim again. When police officers recovered the van, the speakers were gone.

1. Taylor claims that the evidence was insufficient to sustain his conviction for theft by extortion. OCGA § 16-8-16 (a) provides that a person commits the offense of theft by extortion "when he unlawfully obtains property of or from another person by threatening to . . . [i]nflict bodily injury on anyone or commit any other criminal offense." Here, evidence was presented that Taylor and his accomplices took the speakers from the van after Taylor threatened that Perseo would never see the victim again unless he left the van and its keys at the gas station. This evidence was sufficient for a rational jury to convict Taylor of theft by extortion.[3]

2. Taylor also alleges that the trial court erred in denying his motion to suppress evidence of the victim's identification of him in a photographic lineup. Taylor claims that the lineup was overly suggestive because he was wearing an orange prison jumpsuit in the photograph. The trial court concluded that the photographic lineup was not impermissibly suggestive, in part because Taylor's jumpsuit was not substantively different "from the yellow one or the black one shown that the other individuals [in the photographic array] have on."

Although Taylor contends that his photograph was unduly suggestive, the photographic array belies this contention. Taylor was photographed from the shoulders up, so it is not clear whether he is wearing a prison jumpsuit or merely a collared shirt. In addition, Taylor's clothing does not contain prison numbers or any other indicia identifying a jail or making the clothing distinguishable from street clothes.[4] Indeed, when Taylor's trial counsel asked the victim if he agreed that the clothing worn by Taylor in the photograph was "jail clothing," the victim responded that he did not know. Moreover, each of the men photographed in the array was similar to Taylor in appearance.[5] Because the identification procedure was not unduly

---

[3] See *Neal v. State*, 152 Ga. App. 270, 272 (1) (262 SE2d 561) (1979).

[4] See *Jones v. State*, 251 Ga. 361, 362-363 (1) (306 SE2d 265) (1983).

[5] See id.

suggestive, we need not consider whether there was a substantial likelihood that the victim irreparably misidentified Taylor.[6]

Finally, Taylor's defense was not that the victim had misidentified him. Instead, Taylor admitted that on May 8, 2007, the victim approached him in the parking lot of an electronics store, asked him to help him sell the speakers, and accompanied him while he attempted to complete a sale. Taylor denied stealing any speakers, but instead claimed that the victim "had a beef" with him because he thought he intended not to pay $500 for two speakers that he left with him. Because the victim's identification of Taylor was not at issue, any error in the identification procedure was harmless.[7]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED JANUARY 14, 2010.

*Patricia F. Angeli*, for appellant.
*Tracy G. Lawson, District Attorney, Dawn Belisle-Skinner, Assistant District Attorney*, for appellee.

---

[6] See *Whatley v. State*, 266 Ga. 568, 569 (2) (468 SE2d 751) (1996).
[7] See *McGhee v. State*, 253 Ga. 278, 280 (2) (319 SE2d 836) (1984).