**Clemmie Jean LUCKEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–318.**

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1974.

Caesar C. Latimer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David O'Brien, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Clemmie Jean Luckey, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–73–1390 for the offense of Robbery by Force and Fear in violation of 21 O.S.1971, § 791. Her punishment was fixed at a term of five (5) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial the prosecuting witness, Tommy Leon Robinson, testified that he was driving alone in his car on the morning of July 28, 1973, and a prostitute, the defendant, hollered at him. He stopped his car and defendant solicited Robinson for prostitution. He refused, replying "hell no . . . " (Tr. 5). Defendant entered his car nevertheless and asked for a ride to an alley. Robinson drove her there "because he was always giving people rides." They arrived and after talking for a while, Herbert Hoover, with whom defendant was jointly charged, and another woman who did not participate in the robbery, approached defendant's side of the car. Hoover and defendant talked personally for a short time. Hoover entered and sat in the back seat of the car. Some conversation followed and terminated when Robinson told them to get out of the car. They refused, so Robinson got out, at which time Herbert Hoover took the car keys. On cross-examination, Robinson admitted he could not see who took his car keys. Hoover and defendant got out also and started to leave; however, they returned and Hoover grabbed Robinson and threw him into a fence. Defendant removed $122.00 from his billfold while Hoover held him against the fence during the entire encounter. Robinson did not resist and testified he was in fear, saying "there ain't no use in getting hurt." (Tr. 15). He further testified that the robbery was against his will.

The defendant testified that she was a prostitute, but did not rob Tommy Leon Robinson. She stated that they had had previous dates for sexual intercourse. She was paid by Robinson each time. On the morning of July 28th, Robinson stopped his car and said he wanted to see her. She got in and asked him if he wanted a date. He did not have enough money to take her to a hotel room, so they went in his car to an alley and had sexual intercourse, after which she asked for her money. He told her that he did not have it but could go somewhere and get it. They then drove to the place of the robbery. When defendant realized she was not going to be paid she took his car keys. They left the car and he wrestled with her to get his keys back. Some women, unknown to defendant, came

by and she told them he owed her some money. Some of the women held Robinson and took $9.00 or $10.00 out of his front pocket and gave it to her. She gave the keys back and left. She testified she only received $9.00 or $10.00, not $122.00.

The defendant's first proposition asserts the trial court erred in failing to instruct the jury on justification for the use of self help in the collection of a contractual debt. The record does not reveal that the defendant objected to the instructions, nor did she submit requested instructions to the court for consideration. We have consistently held that where counsel is not satisfied with instructions that are given, or desires the court to give any particular instruction, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given. In the absence of such a request, the Court of Criminal Appeals will not reverse the case if the instructions generally cover the subject matter of inquiry and there is no fundamental error. See Schapansky v. State, Okl.Cr., 478 P.2d 912, and Webb v. State, Okl.Cr., 520 P.2d 825.

We have held that a defendant has the right to have a clear and affirmative instruction given to the jury, applicable to his defense. See Woods v. State, Okl.Cr., 485 P.2d 486. However, in the case at bar, we hold that it was proper not to give an instruction on the defendant's defense, and was not fundamental error because the evidence submitted in behalf of the defense clearly does not establish a self help defense. Rather, it tends to establish that defendant was not a participant and if believed by the jury, would have resulted in a verdict of acquittal.

The defendant's second proposition is that the trial court erred in refusing to instruct the jury on the lesser included offenses of Assault, Battery and Larceny. We have previously held that Assault and Larceny are not necessarily included offenses of Robbery. See Thoreson v. State, 69 Okl.Cr. 128, 100 P.2d 896, and Marks v.

State, 69 Okl.Cr. 330, 102 P.2d 955. By analogy, we hold that Battery is not a necessarily included offense.

Having dealt with both of defendant's assignments of error, and finding them to be without merit, the judgment and sentence appealed from is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.