Jimmy Ray KITCHENS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–589.

Court of Criminal Appeals of Oklahoma.

March 27, 1978.

Arthur Stevener, Jr., El Reno, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles Helm, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

On the afternoon of December 27, 1976, Ronald Dean Brown, manager of the Southwestern Bell Telephone Building located at 13700 N. Czech Hall Road, Piedmont, Oklahoma, locked his building and went home at the close of the working day. That evening, however, he was notified by a monitoring station that some equipment was not operating properly. When he returned to the building he found that a window was broken and some property was missing. Sometime thereafter, Jimmy Ray Kitchens and Leeray Matejek were arrested. The car in which Kitchens was riding was impounded and an impoundment inventory was made thereof.

In comparing impoundment inventories with burglary reports on December 28, Officer Robert Jones of the Oklahoma City Police Department determined that the automobile, which Kitchens claimed to own, might contain stolen property. He advised Kitchens of his *Miranda* rights, and Kitchens executed a Waiver of Search form for the automobile. Officer Jones searched the trunk of the vehicle and seized a number of items: a set of speaker phones used as test equipment; a wall clock, and a coffee pot. In addition a screwdriver marked "Bell System" and a set of keys were found on Kitchens' person. All of these items were identified by Brown as being items taken in the burglary of the Southwestern Bell building on December 27.

On December 29, Jimmy Ray Kitchens, hereinafter referred to as defendant, was charged in the District Court, Canadian County, Case No. CRF–76–277, with the

offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. At his trial, the co-defendant, Leeray Matejek, who had previously pled guilty to an identical charge, testified that he and the defendant had broken into the Southwestern Bell building and had taken the identified property therefrom.

On cross-examination Matejek admitted having written a letter to the judge prior to trial stating that the defendant had been "passed out" in the car while he, Matejek, was committing the burglary. However, he also testified that he wrote this letter at the request of the defendant, who said that Matejek, having no prior convictions, would get a deferred sentence. Matejek said that his testimony at trial was the truth.

The defendant was found guilty, and in accordance with 21 O.S.1971, § 51, was sentenced in a bifurcated proceeding to twenty-seven (27) years under the direction and control of the Oklahoma Department of Corrections. From this judgment and sentence, he has perfected his timely appeal to this Court.

■ The defendant's sole assignment of error is that the evidence presented at the trial was insufficient to sustain the conviction. His argument is based on the premise that the only evidence linking the defendant to the crime is the uncorroborated testimony of the co-defendant Matejek. But this argument is clearly without merit. In *Harrell v. State,* Okl.Cr., 381 P.2d 164 (1963), this Court quoted with approval the following statement from II Wharton's Criminal Evidence, page 256:

> " 'In prosecutions for larceny, robbery, and burglary, an accomplice may be corroborated by proof of the possession of the stolen property by the defendant charged with the crime.' "

The discovery of the fruits of the burglary in the vehicle claimed by the defendant was sufficient evidence to corroborate the testimony of the co-defendant. The co-defendant's prior contradictory statement would not affect the corroborative value of the testimony, but would go merely to credibili-

ty. And for this reason we hold the defendant's sole assignment of error to be without merit.

■ Although not raised in his brief, we note that the defendant was sentenced under 21 O.S.Supp.1976, § 51, ¶ B, which we have recently held to be unconstitutional in *Thigpen v. State,* Okl.Cr., 571 P.2d 467 (1977). In the instant case, we find that the defendant was not prejudiced by the use of this statute, inasmuch as the sentencing range under Section 51, ¶ A, would have been any number of years not less than ten years to life imprisonment. For the above and foregoing reasons it is the order of this Court that the judgment and sentence of the trial court should be, and the same is, hereby, *AFFIRMED.*

CORNISH and BRETT, JJ., concur.