A statement is not hearsay if...

* * * * * *

**C.R.B., A Child Under the Age of Eighteen Years, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–80–458.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1982.

John Shipp, Shipp & De Witt, Idabel, for appellant C.R.B.

Don Shaw, Dist. Atty., Susan Werner, Asst. Dist. Atty., Idabel, for appellee.

## OPINION

BRETT, Presiding Judge:

C.R.B. was adjudicated a delinquent in the District Court of McCurtain County, Case No. J–80–10, after a jury found that he had committed an act, which, if committed by an adult, would constitute Burglary in the Second Degree. His adjudication hearing was consolidated with the hearings in two other cases, in which appeals have been lodged in this Court under J–80–456 and J–80–457.

The residence of Mr. and Mrs. Charles Citty, in Idabel, was burglarized on December 24, 1979. State's witness Steve Raines testified that he, J.L.S. and L.E.Y. went to the Cittys' home while C.R.B. stood watch with a flashlight outside of his own house, which was less than one block from the Cittys'. Raines broke into the Cittys' house through a window and then opened the door for the two juveniles. Among the property which the three removed from the Cittys' and carried to C.R.B.'s house were guns and Christmas packages. C.R.B. helped carry the stolen goods into his house.

Sharon Citty testified that she and her husband were gone from their home from approximately 8 p. m. until midnight on December 24, 1979. When they returned they discovered that their home had been

burglarized and that the property taken included the following: a .270 Belgium-made Browning gun; a Thompson Center Muzzle Loader, .50 caliber; a .22 Browning; a shotgun; ammunition; a jewelry box; tool boxes; and Christmas gifts.

Police Officer James Hicks testified that his investigation of the crime scene led to an interrogation of C.R.B. and the recovery of certain of the Cittys' property from C.R. B.'s residence. Willie Ray Bennett testified that either between 6:30 and 7 p. m., or at 9:00 p. m. on the night in question, he saw several people at C.R.B.'s home, including the appellant. He left with J.L.S., taking guns and ammunition to J.L.S.'s residence. C.R.B.'s uncle testified that for $20.00 he bought a 12-gauge Remington from C.R.B., at C.R.B.'s home, at 7 or 8 p. m., that same Christmas Eve.

### I.

█ The appellant complains that the trial court erroneously consolidated the three juveniles' adjudicatory hearings absent statutory authority. While the appellant is correct that there is no statutory basis for consolidation of juvenile matters, this Court finds that consolidation of juvenile matters is in the interest of judicial economy provided there has been compliance with 22 O.S. 1971, § 438. In the matter before us, the three juveniles allegedly participated in the same act constituting the offense and, had they been adults, could have been charged in the same information. 22 O.S.1971, § 436. Further, the appellant has failed to establish any prejudice resulting from the consolidation. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978).

### II.

█ Next the appellant maintains that his demurrer to the evidence should have been sustained due to the uncorroborated testimony of Steve Raines and also because the jury's verdict is contrary to the evidence. The statute which requires that the testimony of an accomplice be corroborated by such other evidence that tends to connect the defendant with the commission of the offense has been applied to juvenile adjudications of delinquency. 22 O.S.1971, § 742; and *Smith v. State*, 525 P.2d 1251 (Okl.Cr.1974).

The transcript reveals that Officer Hicks found Christmas wrappings bearing the Cittys' names in a trash depository near C.R. B.'s residence. The wrappings were commingled with trash from C.R.B.'s house, which trash included a puzzle box containing letters written to C.R.B.'s siblings. Upon a consent search of C.R.B.'s residence, the following property was found, which was identified as belonging to the Cittys: a tool box, tools with Mr. Citty's name welded on them, a propane torch, a basketball bearing Kay Citty's name. This testimony sufficiently connects the appellant to the crime, and the fact that it is circumstantial does not detract from its validity as corroborating evidence. *Brown v. State*, 518 P.2d 898 (Okl.Cr.1974).

█ As for the argument that the jury's verdict is not supported by the evidence, once one material fact corroborates an accomplice's testimony, the jury is free to infer the general truthfulness of the witness. Obviously, this jury believed accomplice Raines, and their verdict will not be disturbed on appeal.

### III.

█ Finally, the appellant proposes the unsupported contention that the trial court erred in not instructing the jury on aiding and abetting and that the jury could not have properly found that the appellant participated in Burglary in the Second Degree since he did not participate in the breaking and entering.

█ By statute, all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid and abet in its commission, must be prosecuted as principals. 22 O.S. 1971, § 432. In a prosecution for burglary, the State only need prove that the illegal breaking and entering was accomplished by one of the principals.

Therefore, the adjudication is affirmed.