MR. ISAACS: The statements that you made holding me in contempt.

## VII

**L.E.Y., a Child Under the Age of Eighteen Years, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–80–456.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1982.

Jim Mc Clendon, Mc Clendon & Burke, Broken Bow, for appellant.

Don Shaw, Dist. Atty., Susan Werner, Asst. Dist. Atty., Idabel, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant was adjudicated delinquent in the District Court of McCurtain County, Case No. J–80–12, after a jury found he had committed an act, which, if committed by an adult, would constitute Burglary in the Second Degree.

The residence of Mr. and Mrs. Charles Citty, in Idabel, was burglarized on December 24, 1979. State's witness Steve Raines testified that he, J.L.S. and L.E.Y. went to the Cittys' home while C.R.B. stood watch with a flashlight outside of his own house, which was less than one block from the Cittys'. Raines broke into the Cittys' house through a window and then opened the door for the two juveniles. Among the property which the three removed from the Cittys' and carried to C.R.B.'s house were guns and Christmas packages.

Sharon Citty testified that she and her husband were gone from their home from approximately 8 p.m. until midnight on December 24, 1979. When they returned they discovered that their home had been burglarized and that the property taken included the following: a .270 Belgium-made Browning gun; a Thompson Center Muzzle Loader, .50 caliber; a .22 Browning; a shotgun; ammunition; a jewelry box; tool boxes; and Christmas gifts.

Police Officer James Hicks testified that his investigation of the crime scene led to an interrogation of C.R.B. and the recovery of certain of the Citty's property from C.R.B.'s residence. Willie Ray Bennett testified that either between 6:30 and 7 p.m. or at 9 p.m., on the night in question, he saw several people at C.R.B.'s home, including the appellant. He left with J.L.S., taking guns and ammunition to J.L.S.'s residence. C.R.B.'s uncle testified that for $20.00 he bought a 12-gauge Remington from C.R.B., at C.R.B.'s home, at 7 or 8 p.m., that same Christmas Eve.

The appellant, L.E.Y., maintains that his demurrer to the evidence should have been sustained due to the uncorroborated testimony of accomplice Steve Raines. The

statute which requires that the testimony of an accomplice be corroborated by such other evidence that tends to connect the defendant with the commission of the offense has been applied to juvenile adjudications of delinquency. 22 O.S.1971, § 742; and *Smith v. State*, 525 P.2d 1251 (Okl.Cr. 1974).

 Corroborating evidence must tend to connect the defendant with the commission of the offense absent the accomplice's testimony. *Jones v. State*, 555 P.2d 1061 (Okl.Cr.1976). Even slight evidence may be sufficient, but it must do more than raise a suspicion of guilt. *Kirk v. State*, 10 Okl.Cr. 281, 135 P. 1156 (1913). It is also insufficient if it does no more than connect the defendant with the perpetrators but not the crime. *Frye v. State*, 606 P.2d 599 (Okl.Cr. 1980).

There is no evidence, other than the testimony of accomplice Raines, that even mentions the appellant. Therefore, the demurrer to the evidence should have been sustained.

As this case must be reversed, it is not essential for the Court to address the remaining issues.

The adjudication of delinquency is, therefore, Reversed.

BUSSEY and CORNISH, JJ., concur.