**J. L. S., A child under the age of eighteen years, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–80–457.**

Court of Criminal Appeals of Oklahoma.

March 18, 1982.

Michael D. Deberry, Idabel, for appellant.

Don Shaw, Dist. Atty., Susan Werner, Asst. Dist. Atty., Idabel, for appellee.

MEMORANDUM OPINION

CORNISH, Judge:

J. L. S. was adjudicated a delinquent, after the jury found that he had committed an act, which, if committed by an adult, would constitute Burglary in the Second Degree. His adjudication hearing was consolidated with two other cases. All three cases arose out of the same incident.

December 24, 1979, the Citty residence was burglarized. Steve Raines testified that he, J. L. S. and L. E. Y. broke into the Citty's home, while C. R. B. stood watch outside. The youths stole several items from the Citty residence, including four guns, over ten thousand rounds of ammunition, a wedding band, a gold watch, Christmas presents, hunting boots, tool boxes and numerous other items of personal property.

J. L. S. initially contends that his demurrer to the State's evidence should have been sustained. He asserts that the testimony of accomplice, Steve Raines, was wholly uncorroborated at the adjudication

hearing. In the companion cases *L. E. Y. v. State*, (1982), 639 P.2d 1253; and, *C. R. B. v. State*, (1982), 638 P.2d 1130, Judge Brett stated, "the statute which requires that testimony of an accomplice be corroborated by such other evidence that tends to connect the defendant with the commission of the offense has been applied to juvenile adjudications of delinquency." 22 O.S.1971, § 742; and, *Smith v. State*, 525 P.2d 1251 (Okl.Cr.1974). In *L. E. Y.* we held that even slight evidence may be sufficient, however, it must raise more than a suspicion of guilt.

■ We hold that the State introduced sufficient evidence to corroborate Steve Raines' testimony. The record establishes that the stolen goods were taken over to C. R. B.'s residence. Tommy Paxton testified that he was at the C. R. B. residence, on the night of the incident, and purchased a 12 gauge Remington shotgun for twenty dollars. The shotgun had been stolen from the Citty home. Willie Bennett testified that he went to C. R. B.'s house that same night and visited with Steve Raines, L. E. Y., C. R. B., and the appellant. Bennett stated that they loaded some guns, ammunition, and hunting equipment in his car and delivered them to the appellant's house. In addition, Mrs. Citty's testimony as to how the house was broken into sufficiently corroborates the testimony given by accomplice Raines. We find that there was sufficient evidence to support J. L. S.'s adjudication of delinquency.

J. L. S. also complains that the trial court erred in consolidating the three cases. We addressed this issue in *C. R. B. v. State*, (1982), 638 P.2d 1130. In *C. R. B.* this Court held that the consolidation of the cases arising out of the December 24, 1979 burglary was proper. We find *C. R. B.* to be dispositive.

The adjudication is therefore AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., dissents.

BRETT, Presiding Judge, dissenting:

I must respectfully dissent to the affirmance of this juvenile adjudication for lack of corroboration.

Sharon Citty testified that she and her husband were gone from their home from approximately 8 p. m. until midnight on December 24, 1979. When they returned they discovered that their home had been burglarized and that the property taken included the following: a .270 Belgium-made Browning gun; a Thompson Center Muzzle Loader, .50 caliber; a .22 Browning; a shotgun; ammunition; a jewelry box; tool boxes; and Christmas gifts.

Police Officer James Hicks testified that his investigation of the crime scene led to an interrogation of C. R. B. and the recovery of certain of the property belonging to the Cittys from C. R. B.'s residence. Willie Ray Bennett testified that either between 6:30 and 7 p. m. or at 9 p. m. on the night in question, he saw several people at C. R. B.'s home, including L. E. Y. and the appellant. He left with J. L. S., taking guns and ammunition to J. L. S.'s residence. C. R. B.'s uncle testified that for $20.00 he bought a 12-guage Remington from C. R. B., at C. R. B.'s home at 7 or 8 p. m. that same Christmas Eve.

The majority opinion correctly states that corroborating evidence may be slight. However, the majority fails to further recognize that, "corroborating evidence must tend to connect the defendant with the commission of the offense absent the accomplice's testimony. *Jones v. State*, 555 P.2d 1061 (Okl.Cr.1976)." *L. E. Y. v. State*, (1982), 639 P.2d 1253. And, further, corroborating evidence is "... insufficient if it does no more than connect the defendant with the perpetrators but not the crime. *Frye v. State*, 606 P.2d 599 (Okl.Cr.1980)." *L. E. Y. v. State*, supra.

The testimony of Willie Ray Bennett is the only evidence, other than the testimony of accomplice Raines, that even mentions the appellant. In that testimony Bennett stated that he observed certain goods, similar to those stolen, in the possession of J. L. S. However, the identification of these

goods was not established as the stolen property, and Bennett's testimony does not connect the juvenile with the burglary.

The majority opinion also relies on the testimony of Mrs. Citty "as to how the house was broken into" to corroborate accomplice Raines' testimony that J. L. S. committed the burglary. I fail to see how that testimony tends to connect this appellant with the commission of the offense absent the accomplice's testimony. *Jones v. State*, 555 P.2d 1061 (Okl.Cr.1976).

The allegedly corroborative evidence was not slight. It was non-existent. Therefore, the demurrer to the evidence should have been sustained, and the adjudication of delinquency reversed.