Dennis James NETTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-188.

Court of Criminal Appeals of Oklahoma.

May 25, 1982.

Stephen A. Lamirand, Special Counsel, Appellate Public Defender, Norman, for appellant.

**1034**

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant was convicted of Burglary in the Second Degree, After Former Conviction of a Felony. The jury imposed a twenty (20) year prison term.

Three arguments are asserted on appeal: (1) The State failed to sufficiently corroborate the accomplice's testimony; (2) The trial court erroneously ruled that the appellant's two prior felony convictions were two separate offenses; and, (3) The trial court failed to instruct pursuant to *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).

■ The allegation that there was insufficient evidence to corroborate the accomplice's testimony is clearly without foundation. The State introduced the testimony of accomplice M. M., a juvenile. M. M. testified that on January 5, 1980, the appellant called him and his friend, L. C., and asked them to assist in breaking into Charley Wade Oldsmobile in Lawton, Oklahoma. The appellant drove the two juveniles to the Oldsmobile dealership. Netter instructed them to break in through the back door and take some keys. He then told them to each drive a car to the Safeway store where he would be waiting for them. In compliance with Netter's orders the two juveniles broke into the car dealership and obtained keys to five cars. M. M. took the keys to a white Cutlass and L. C. took the keys to a green Bonneville and each drove the cars to Safeway. Once at Safeway, the two accomplices met the appellant and gave him the five sets of keys.

The next day, the appellant called M. M. and asked him to drive the green Bonneville to Kansas to be sold. However Renata M., who is M. M.'s sister, volunteered to drive the car to Kansas. Renata testified that the appellant drove her to his house where she picked up a green Bonneville and delivered it to Kansas.

Jeff Wade, an employee at Charlie Wade Oldsmobile, testified that on January 7, 1980, he discovered that the dealership had been broken into and three cars missing from the car lot. He testified that a green 1978 Pontiac Bonneville, a white 1978 Cutlass Supreme Broughan and a red 1976 Oldsmobile 98 Regency, serial number 3X37T6M270420 were missing from the car lot.

Officer John Greany of the El Reno police department testified that on February 7, 1980, he stopped the appellant for failing to stop at a stop sign. Officer Greany stated that the appellant was driving a red 1976 Oldsmobile Regency, serial number 3X37T6M270420. He further testified that he ran a make on the car and discovered it had been stolen out of Lawton, Oklahoma on January 6, 1980.

In *Brown v. State*, 518 P.2d 898, 901 (Okl.Cr.1974), this Court held:

> ... It is a well settled rule that if the State's evidence consists entirely of uncorroborated testimony of an accomplice, the trial court should sustain a motion for a direct verdict. However, if the testimony of an accomplice is corroborated by one material fact or facts by independent evidence tending to connect defendant with the commission of a crime, the jury may from that infer he speaks the truth as to all. Further, the accomplice's testimony may be corroborated by circumstantial evidence. (Citations omitted).

In this case, we find Wade's testimony that the dealership had been broken into and three cars were missing, including a red 1976 Oldsmobile 98 Regency, No. 3X37T6M270420 and Officer Greany's testimony that Netter was arrested while driving a red Oldsmobile 98 Regency, No. 3X37T6M270420 sufficiently corroborates the accomplice, M. M.'s, testimony and tends to connect Netter to the crime. See 22 O.S.1971, § 742.

■ Furthermore, we find that Renata M. was not an accomplice to the burglary; therefore, her testimony may be used in corroboration. In *Hanna v. State*, 560 P.2d

985 (Okl.Cr.1977), we stated that a witness who did not participate in planning or commission of the crime, or is not informed of the crime until after its commission, is not an accomplice. The evidence at bar established that Renata did not become aware of the burglary until the day after its commission. Renata was not an accomplice, but instead an accessory providing additional corroboration of M. M.'s testimony directly linking the appellant to the burglary.

 The appellant next submits that his two prior felony convictions were too closely related in time and location to be used as separate convictions under 21 O.S.Supp. 1980, § 51(B). Section 51(B) provides:

"Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offense within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. *Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location* .... 21 O.S.Supp.1980, § 51(B) (emphasis added).

Though the appellant's conviction for uttering a forged instrument occurred only two days prior to his conviction for concealing stolen property, there is no evidence that these felony offense arose "out of the same transaction or occurrence or series of events" as specified in the statute. In fact, the informations filed in these cases unquestionably indicate that the two offenses arose out of separate and distinct criminal acts, occurring weeks apart. Consequently, we find the argument to be without merit.

Lastly, appellant contends that the trial court's failure to instruct the jury "not to draw any inference from the fact that the defendant himself has not testified" requires a reversal under *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). We find our recent decision of *Mack v. State*, 641 P.2d 1122, (Okl.Cr.1982), to be dispositive of this issue. In *Mack* we held that *Carter v. Kentucky,*

*supra*, would be afforded prospective application only. Additionally, in the present case, Netter did not request a *Carter* instruction, so we deem it to be waived.

AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.