**Albert Warren PIERCE, and Eugene J. Baldwin, Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–81–576.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1982.

Alfred K. Hambrick, Midwest City, for appellants.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

As their single assignment of error, on appeal from their convictions in Oklahoma County District Court, Case No. CRF–80–4943, of Robbery with a Firearm, wherein they were each sentenced to five (5) years' imprisonment, the appellants allege that the evidence presented was insufficient to sustain the verdicts of the jury, as the testimony of Janet Blochowik, an alleged accomplice, was not sufficiently corroborated. We find that the testimony given by Dan Ripley, Lester Ray and Karen Ray was sufficient to connect the appellants to the commission of the crime.

Dan Ripley testified that on the evening of September 9, 1980, he was employed as a zone manager for U-To-Tem convenience stores and, as such, one of his duties was to collect the receipts from the various stores and deposit them. He stated that he had sorted money for deposit at the store located at S.E. 44th Street and Sunnylane, in Del City, including the one dollar bills which were fastened by paper clips into stacks of twenty-five (25) each. He related that he placed about $6,200.00 into two (2), eight (8) inch by twelve (12) inch green bank deposit bags, which he locked at the top. Further, shortly after 11:00 p. m., a white male, about 5'8" or 5'9" weighing 160 to 175 pounds, entered the store with a .22 caliber revolver and said: "... [T]his is a holdup. Keep a smile on your face. I don't want to hurt you and give me the money bags." Mr. Ripley gave the two bags of money to the robber, who had reddish hair tucked into a green baseball cap and who wore blue jeans, a green checkered flannel shirt and mirrored sunglasses.

Janet Blockowik, an alleged accomplice, testified that on the afternoon of September 9, 1980, she was employed at a U-To-Tem convenience store and had casually mentioned, in a conversation with Eugene J. Baldwin, that the store manager was out of town, three days' deposit was on hand and thus that evening would be a good time for the store to be robbed. Further, she related that Baldwin stated he and co-defendant Pierce were going to rob it, and she positively identified Pierce as the robber. Ms. Blockowik also testified that Baldwin had offered her one thousand dollars ($1,000), which she declined to accept, and had told her that he and Pierce had "tore up" the green money bags to get the money out of them.

Lester Ray testified that around the 12th or 13th of September, 1980, he had occasion to observe Eugene Baldwin transfer $500.00 from the latter's truck to his house, and that the money was one dollar bills, paperclipped together in stacks of twenty-five (25). Additionally, a few days later, he observed Albert Pierce's girlfriend take a

greenish colored bank deposit bag with the bottom ripped out from her purse, and that Pierce immediately informed her to "put it up."

The testimony of Karen Ray substantiated that of her husband, Lester Ray, regarding the bundles of one dollar bills that Baldwin had, and the green bank bag that Pierce's girlfriend had in her possession. Furthermore, Mrs. Ray stated that she overheard a telephone conversation in which Pierce related that he had committed the robbery while dressed as witness Ripley described him, and that Baldwin was supposed to have given a girl one thousand dollars and kept two thousand dollars for himself, but instead Baldwin kept all the money.

■ This Court has consistently held that corroborative evidence is not sufficient if it requires any of the accomplices' testimony to connect the defendant with the crime. *Howard v. State,* 561 P.2d 125 (Okl. Cr.1977). In *Roberts v. State,* 571 P.2d 129, 134 (Okl.Cr.1977), cert. denied 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316, this Court noted that an "accomplice's testimony need not be corroborated as to all material aspects." If the accomplice is corroborated as to one material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. *Roberts v. State,* supra citing *Nation v. State,* 478 P.2d 974, 976 (Okl.Cr.1971). Further, even circumstantial evidence can be adequate to corroborate the accomplice's testimony. *Fitzpatrick v. State,* 544 P.2d 525 (Okl.Cr.1975).

■ In this case, we hold that the testimonies of Mr. and Mrs. Ray and Dan Ripley sufficiently corroborated the testimony of Ms. Blockowik. The judgments and sentences are therefore AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.