Frank **GRIDER**, Jr., Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F-81-553.

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1982.

Stephen H. Buzin, Ivy & Buzin, Chickasha, for appellant.

Jan Eric Cartwright, Atty. Gen., Lynn S. Rambo-Jones, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Frank Grider, Jr., was convicted of Grand Larceny, in the District Court of Grady County, Case No. CRF–80–104, pursuant to 21 O.S.1981, § 1704, and was sentenced to three (3) years' imprisonment.

In his only assignment of error, defendant alleges that his accomplice's testimony was not sufficiently corroborated and that the independent evidence against him was insufficient to sustain his conviction.

Late in the evening on June 7, or in the early morning hours of June 8, 1980, one hundred and seven thousand dollars ($107,-000) worth of equipment was taken from the Barrington Farm Equipment Company in Chickasha, Oklahoma. The equipment was later recovered at the Rio Motel in Tulsa, Oklahoma and from the Sonny Davis ranch in Bristow, Oklahoma.

The State's witness, David Smith, testified that on Sunday morning, June 8, 1980, Frank Grider accompanied by Billy Grider and Leonard Musgrove arrived at his residence, on the Sonny Davis ranch, in a semi-truck, bobtail truck and pickup which were loaded with farm equipment. Smith further testified that he suspected the equipment was stolen and that he agreed to help unload and hide the equipment in a barn on the ranch. Defendant Grider then left in the loaded bobtail truck and requested directions to the Rio Motel in Tulsa without traveling on the highway.

Upon submission of the evidence, the trial court refused to rule as a matter of law that witness David Smith was defendant's accomplice and instructed the jury that they were to determine whether or not Smith was an accomplice, or an accessory to the crime of which the defendant was charged.

We are of the opinion that the evidence at trial did not warrant substaining defendant's demurrer to the evidence or giving an instruction that witness Smith was an accomplice as a matter of law. Smith denied any knowledge of the plan on the part of the defendant to steal the equipment and there is no evidence that he participated in the taking of the equipment. See, *Hunsucker v. State,* 475 P.2d 618 (Okl. Cr.1970). Where facts as to whether the witness is or is not an accomplice are reasonably susceptible to either interpretation, the issue is for the jury to determine under proper instruction. *Tabor v. State,* 582 P.2d 1323 (Okl.Cr.1978). We find that this question was properly placed before the jury for their determination.

Further, the State introduced sufficient corroborating evidence, independent of David Smith's testimony, to connect the defendant to the commission of the offense charged. The owner of Barrington Farm Equipment Company testified that co-defendant Billy Grider was an employee and

that on the Friday prior to the larceny, co-defendant Billy Grider and co-defendant Musgrove moved merchandise, later identified as part of the stolen merchandise, close to the loading dock. Further, stolen merchandise was recovered at the Rio Motel, where defendant was registered. The merchandise was transported and found in a bob-tail truck which belonged to the Oil Capitol Equipment Company where defendant had recently been employed. There was sufficient independent evidence, corroborative of David Smith's testimony to connect the defendant to the commission of the crime. *Frye v. State,* 606 P.2d 599 (Okl.Cr.1980). Therefore, defendant's assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.