**Edwin T. BROWN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–598.**

Court of Criminal Appeals of Oklahoma.

April 21, 1988.

Leslie Brown, Jr., Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Edwin T. Brown, and his co-defendant, Rolando Torino Nelson,[1]

were tried by a jury in Muskogee County District Court, Case No. CRF–83–681, and found guilty of Second Degree Robbery After Former Conviction of Two or More Felonies in violation of 21 O.S.1981, §§ 791 and 51. Appellant waived jury sentencing, stipulated to two prior felony convictions, and was sentenced to forty (40) years' imprisonment.

We reverse and remand with instructions to dismiss this case because there was insufficient evidence to support appellant's conviction. We will, therefore, address only the assignment of error which deals with this issue.

On November 29, 1983, three men robbed Mickey's Liquor Store in Muskogee. Two of the men actually entered the store, while the third drove the getaway car belonging to appellant. The victim, Ms. Barbara Bryant, and the sole witness, Ms. Veda Brassfield, gave descriptions of the two men who had entered the store, but neither could identify the one who drove the car.

Shortly after Bryant reported the robbery, Sergeant Henry Duncan spotted a car which matched the description that had been broadcast over the radio of the suspect vehicle. Sergeant Duncan followed the car, lost sight of it, and then encountered it sitting empty on the side of the road. Although he could not positively identify either the driver or the passengers, Sergeant Duncan entered a nearby tavern known as "Shaw's Place" to look for the suspects described over the radio by the officer who had been at the scene and talked with the victim and witness.

While inside the tavern, Officer Duncan and his back-up Officer Enloe found co-defendant Nelson, Kenneth Matthews, and a man named Jerry Conard and took them to the parking lot for questioning. Appellant was not among them. At two subsequent show-ups, both the victim and the witness positively identified Matthews and co-defendant Nelson, but not Conard, who was later released.

---

1. *Nelson v. State*, No. F–84–596, 755 P.2d 684    (Okl.Cr.1988).

After Matthews and Nelson were taken to the police station, Matthews confessed that he, Nelson, and appellant had committed the robbery. Based on this information, the police obtained a warrant and arrested appellant. In exchange for a suspended sentence, Matthews testified against appellant and co-defendant Nelson at trial.

In his sixth assignment of error, appellant claims that the testimony of accomplice Matthews, which provided the only real connection between appellant and the robbery, was uncorroborated and thus legally incapable of supporting his conviction. Under 22 O.S.1981, § 742, accomplice testimony cannot support a conviction unless it is corroborated by independent evidence which tends to connect the accused to the crime. Such corroborative evidence is insufficient if it either fails to independently establish the link between the accused and the commission of the offense, or "tends only to connect the defendant with the perpetrators but not the crime." *Frye v. State*, 606 P.2d 599, 607 (Okl.Cr. 1980). The evidence corroborating Matthew's testimony fails both of these sufficiency tests.

In Matthews' version of the robbery, he took the money while appellant held the clerk to the floor, and they were both driven away by co-defendant Nelson who was waiting outside in appellant's car. Before the three men entered Shaw's, Matthews noticed that make-up had been smeared on appellant's white shirt during the struggle with Ms. Bryant, and instructed appellant to discard it outside. According to Matthews, they went into Shaw's and appellant borrowed Jerry Conard's coat.

The evidence offered by the State to corroborate Matthew's "accomplice testimony" was as follows: first, appellant in fact owned the getaway car; second, Conard testified that on the day of the robbery, Nelson, Matthews, and appellant had entered the tavern together; third, Emory Shaw, the owner of Shaw's, testified that appellant was in his establishment when the police arrived; fourth, appellant was wearing Jerry Conard's coat when he was arrested later that day; fifth, the make-up smeared shirt allegedly worn by appellant during the robbery was found outside Shaw's where Matthews said it had been discarded.

This evidence does not independently link appellant to the robbery of Mickey's Liquor Store. Without the added support of Matthew's testimony, this corroborating evidence fails to demonstrate any connection between the appellant and the charged offense. Even when viewed in a light most favorable to the State, this evidence at best tends to connect the appellant to the perpetrators but not the crime. Under 22 O.S. 1981, § 742 and *Frye, supra*, the evidence offered to corroborate Matthews' testimony is insufficient.

In addition, the fact that Matthews' testimony was somewhat confirmed by this corroborating evidence does not render it sufficient to support appellant's conviction. According to *Pierce v. State*, 651 P.2d 707, 709 (Okl.Cr.1982), "[i]f the accomplice is corroborated as to one material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all." In the instant case, none of the facts confirmed by the corroborating evidence were material facts which tended to connect appellant with the commission of the robbery. Neither the fact that appellant's car was used to escape nor the fact that he was seen entering Shaw's with Nelson and Matthews connect him to the commission of the robbery. Matthews' account of the make-up stained shirt was corroborated by the fact that the shirt was found outside of Shaw's; however, there was no evidence to corroborate Matthews' testimony that the shirt was actually worn by appellant: Jerry Conard testified that appellant wore the shirt while inside Shaw's, while Matthews stated that appellant discarded the shirt before entering the tavern. Ms. Bryant testified that the man who held her down and

smeared her make-up had on a blue plaid shirt.

The only evidence in this case supporting appellant's conviction was the testimony of his accomplice, Kenneth Matthews. There was no direct evidence, such as an eyewitness identification, nor any circumstantial evidence, such as a large amount of money found on appellant, to connect him to the commission of this robbery. Because Matthew's testimony was not adequately corroborated, this evidence alone was insufficient to support appellant's conviction.

Therefore, the judgment and sentence is reversed and the case is remanded with instructions to dismiss.

BUSSEY, J., dissents.

PARKS, J., concurs.