Anthony Earl **FLEMING**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–85–731.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1988.

Rehearing Denied Sept. 16, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Anthony Earl Fleming, was tried and convicted in the District Court of Comanche County of Burglary, Second Degree, After Former Conviction of a Felony pursuant to 21 O.S.1981, § 1435 and 21 O.S.1981, § 51; Case No. CRF-85-16 and was sentenced to ten (10) years' imprisonment.

During the night of January 2nd, 1985, an automotive parts store in Lawton, Oklahoma, was burglarized. The thieves gained entrance to the store by breaking the display window. Among the items taken were two battery chargers and a transmission jack.

Just before closing time that same evening, two men entered the store and inquired about that particular jack. At trial, the salesman who spoke with the men identified the appellant and his accomplice, Ronnell Cummings, as those two men.

Cummings testified that he went home after he and the appellant left the automotive parts store. Later that night, Fleming picked Cummings up at home and asked him if he, (Cummings), wanted to accompany the appellant to "hit" the automotive store. Cummings agreed. He further testified that the appellant parked the car at the front of the store and broke the front plate glass window of the store with a hammer he brought with him. Cummings then loaded two battery chargers into the appellant's car while Fleming loaded the transmission jack. Cummings testified that he later sold one of the battery chargers for $75.00.

A week later, an acquaintance was working on Fleming's car and mentioned that he needed a transmission jack. Fleming is alleged to have said that he "might" know someone who had such a jack. He returned shortly with what was identified later as the stolen transmission jack.

In his first three assignments of error, the appellant argues essentially the same point: that the testimony of the accomplice, Ronnell Cummings, was uncorroborated. Because of this, the appellant complains that he was denied due process; that there was insufficient evidence to convict; and that the trial court committed fundamental error by failing to give a cautionary instruction regarding Cummings' credibility as an accomplice. We disagree on all three points, and will address the last point first.

Our examination of the trial record shows that defense counsel not only approved the instructions, but offered no alternative instructions as well. We have long held that this constitutes a waiver of any possible error on appeal. *See Luckey v. State*, 529 P.2d 994, 996 (Okl.Cr.1974).

As to appellant's claim that there was no corroboration for the accomplice's testimony, we note that the fruits of the crime were found in Fleming's possession. *See Grider v. State*, 655 P.2d 566 (Okl.Cr. 1982); *Netter v. State*, 645 P.2d 1033 (Okl. Cr.1982); *Kitchens v. State*, 576 P.2d 775 (Okl.Cr.1978). The purpose behind the requirement of corroboration is to protect an accused from being falsely implicated by

another criminal in the hope of clemency, a desire for revenge, or for any other reason. *Howard v. State*, 561 P.2d 125 (Okl.Cr. 1977). The accused has the burden of proving that accomplice testimony is perjured. *May v. State*, 532 P.2d 451 (Okl.Cr. 1975). Not only may circumstantial evidence be sufficient corroboration, but once one material fact has been shown which corroborates the testimony of an accomplice, the jury may reasonably infer general truthfulness in the testimony. *See Pierce v. State*, 651 P.2d 707 (Okl.Cr.1982) and *C.R.B. v. State*, 638 P.2d 1130 (Okl.Cr. 1982). Applying the principles above to the facts of this case, we conclude that these assignments of error are without merit.

■ As his last assignment of error, the appellant states that he was penalized for exercising his right to a jury trial when the trial judge refused the defendant's request for a suspended sentence, but instead followed the punishment set by the jury.

The record shows that the trial court did consider the defendant's request. The court then followed its statutory duty and imposed the sentence set by the jury. 22 O.S.1981, § 926 et. seq. We do not see an abuse of discretion in this case. *See Howell v. State*, 632 P.2d 1223, 1225 (Okl.Cr. 1981). Appellant's bald assertion that he was penalized for exercising his right to a jury trial is unsupported by the record and patently frivolous.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part/dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

Although I concur in the affirmance of the appellant's conviction, I cannot agree with the majority's treatment of appellant's fourth assignment of error. In holding that the trial court did not err in denying appellant's request for a suspended sentence, the majority states that "[t]he court ... followed its statutory duty and imposed the sentence set by the jury." Majority

Opinion, at 210. Under Title 22 O.S.1981, § 926, the trial judge is directed to render a judgment according to the jury's verdict "except as hereinafter provided." Under 22 O.S.Supp.1983, § 991a, the trial judge was authorized to consider the appellant's request for a suspended sentence, since a death sentence was not imposed and the appellant did not have two prior felony convictions. *See* 22 O.S.Supp.1983, § 991a(A)(1) & (B).

Appellant complains that the trial judge failed to properly consider his request for a suspended sentence, basing his denial on the fact that the appellant asserted his right to a jury trial. In response to the request for a suspended sentence, the trial judge stated:

THE COURT: Well, if you all wanted to go that route ... you all should have been pleading ahead of time. See, now the juries have their say and so I'm pretty much obligated to follow what they recommend. Went through a lot of trouble to get that, you know. Anything else?

Based on the foregoing, I believe that the instant case falls within the rule of *Gillespie v. State*, 355 P.2d 451, 456 (Okla. Crim.App.1960), wherein this Court vacated a sentence and remanded for proper consideration of a defendant's application for a suspended sentence upon grounds sanctioned by law. In *Gillespie*, the trial judge stated in the record that he denied the application for a suspended sentence because the defendant had insisted on a jury trial. *Id.* at 456. From my reading of the transcript in this case, it appears that the trial judge refused to consider appellant's request for a suspended sentence solely because he insisted on his right to a jury trial. As stated in *Gillespie, supra,* at 456:

A policy designed to deny defendant a suspended sentence solely because he demanded a jury trial is contrary to law and an unjustifiable denial of defendant's rights to have his application for a suspended sentence considered upon its merits ... Whether the evidence before the court was sufficient to justify granting or denying the application is not the

question before the court. The fact is that the court denied the application upon grounds not sanctioned by law.

Accordingly, while I would affirm the conviction, for the reasons given in *Gillespie, supra,* I would vacate the sentence and remand the cause to the trial court with directions to properly consider appellant's request for a suspended sentence and grant or deny the same upon grounds sanctioned by law and not because appellant insisted on a jury trial.